█ VERA JENKINS, Respondent, v HARRY J. WILBUR et al., Appellants. (Action No. 1.) RUTH JENKINS, Respondent, v HARRY J. WILBUR et al., Appellants. (Action No. 2.)—Appeals from orders of the Supreme Court at Special Term, entered October 23, 1978 in Otsego County, which granted defendants' motions to dismiss plaintiffs' complaints in both actions, with leave to plaintiffs to replead. Defendants appeal from those portions of the orders which granted plaintiffs permission to replead actions for malpractice and from the finding that the State was not a necessary party. It appears that on September 30, 1976, defendants Wilbur and Gaidemak, both physicians and general practitioners, executed certifications pursuant to section 9.27 of the Mental Hygiene Law, stating that plaintiffs, upon examination, were in need of hospitalization for psychiatric care and evaluation. The certificates were issued after the son and daughter of Vera Jenkins made application for the involuntary admission of the plaintiffs to such a facility. The son and daughter were also defendants, but the complaints were dismissed as to them and no appeal was taken from the dismissal. After execution of the certificates, the plaintiffs were delivered to the Binghamton Psychiatric Center, where they remained until the 21st day of November, 1976. Plaintiffs instituted these actions, alleging in amended complaints that defendants Wilbur and Gaidemak, through their negligence, wrongly caused

plaintiffs' involuntary retention in the psychiatric facility. Upon this appeal, defendants first urge reversal upon the ground that physicians executing such certifications act in a quasi-judicial capacity and are thus immune from liability. We do not agree. While we have found no case interpreting the new procedure contained in the recently enacted New York Mental Hygiene Law pertaining to the matter at issue, we do note that New York cases decided when psychiatric hospital admission procedures were judicial in nature, have held that a cause of action for malpractice may lie against a physician who failed to exercise a reasonable standard of care in executing a certification *(Kleber v Stevens,* 39 Misc 2d 712, affd 20 AD2d 896; *Ayers v Russell,* 50 Hun 282). Moreover, the admission procedure under the present new statute does not differ materially in this respect from that in use at the time the *Kleber* case *(supra)* was decided. Additionally, the statute provides that the certificate contain "the facts and circumstances upon which the judgment of the physicians is based and shall show that the condition of the person examined is such that he needs involuntary care and treatment in a hospital" (Mental Hygiene Law, § 9.05, subd [b]). Subdivision (d) of section 9.27 requires that before completing the certificate the physician must consider alternative forms of care and treatment which might provide adequate help short of hospitalization. The statute thus imposes some duty of care on the part of the certifying physicians and is consistent with the plaintiffs' theory of liability. Finally, defendants' contention that the Supreme Court is without jurisdiction to entertain these malpractice actions because the State is a necessary party is without merit. The orders of Special Term in each action should be affirmed. Orders affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.