OPINION OF THE COURT

Per Curiam.

Order entered March 12, 1979 (B. Cohen, J.) affirmed, without costs.
As a matter of public policy, the courts should not entertain a cause of action in educational negligence or, as it is sometimes referred to, educational malpractice, against either public or private schools (cf. Donahue v Copiague Union Free *1054 School Dist., 64 AD2d 29, affd 47 NY2d 440; Hoffman v Board of Educ., 64 AD2d 369, revd 49 NY2d 121). The plaintiffs herein argue that both Donahue (supra) and Hoffman (supra) should be distinguished from the instant action because the defendant in the Donahue and Hoffman cases were public educational institutions, while the defendant in the case at bar is a private educational institution. However, as observed by Judge Wachtler in his concurring opinion in Donahue (supra, pp 445-446): "The practical problems raised by a cause of action sounding in educational malpractice are so formidable that * * * such a legal theory should not be cognizable in our courts. These problems, clearly articulated at the Appellate Division include the practical impossibility of proving that the alleged malpractice of the teacher proximately caused the learning deficiency of the plaintiff student. Factors such as the student’s attitude, motivation, temperament, past experience and home environment may all play an essential and immeasurable role in learning.” We find these considerations to be equally applicable to any attempt to assess the educational experience, whether in the context of public or private education.
Concur: Dudley, P. J., Hughes and Tierney, JJ.