■ LAMONT A. WASHINGTON, by His Father and Natural Guardian, LEONARD WASHINGTON, et al., Appellants, v CITY OF NEW YORK et al., Respondents. — In an action, *inter alia,* to recover damages based upon a theory of educational

malpractice, plaintiffs appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated May 29, 1980, which upon granting defendants' motion pursuant to CPLR 3211 (subd [a], par 7), dismissed the complaint. Order affirmed, with $50 costs and disbursements. Lamont Washington was suspended from his school on March 1, 1977 for assaulting a teacher and possessing a knife. Following the subsequent suspension hearing held pursuant to section 3214 (subd 3, par c) of the Education Law, these facts were confirmed and Lamont was indefinitely suspended for cause. It was recommended that he be examined by the school board's evaluation and placement unit to determine his best interests and the matter was also referred to the Family Court (see Education Law, § 3214, subd 3, par e). The record reveals that Leonard, Washington, Lamont's father, did not co-operate with school officials either in evaluating Lamont or in placing him in a special education facility following a determination by the local committee on the handicapped that this would be appropriate. Lamont did not attend school for a period of about 14 months; the suspension terminated when Leonard Washington notified defendant Julius Zeidman, Supervisor of Guidance of Community School District No. 29, that Lamont was being enrolled in a school in Niagara Falls, New York. This action, seeking monetary damages, claims educational malpractice, denial of due process rights, breach of an implied contractual duty to educate, improper suspension without cause, and a conspiracy to deprive Lamont of his education. Special Term properly dismissed the complaint. On appeal, plaintiffs' attempt to assert that Lamont's (subsequently determined) status as an "emotionally handicapped" child entitles him to certain procedural safeguards under relevant Federal and State statutes. We need not nor do we address this contention as it was neither raised at Special Term nor alleged in the complaint. There is no factual basis, upon our review of the record, to support any of plaintiffs' contentions. Monetary damages for educational malpractice are not recoverable. (*Donohue v Copiague Union Free School Dist.,* 47 NY2d 440; *Hoffman v Board of Educ.,* 49 NY2d 121.) We note Leonard Washington's apparent obstructive actions throughout the course of events leading to the present litigation. The indefinite suspension pending Lamont's evaluation was proper and Leonard Washington affirmatively thwarted efforts to place Lamont once his status as "handicapped" had been determined. Plaintiffs were accorded their constitutional rights during these proceedings and may not now be heard to object when they neither took full advantage of these rights nor exhausted the administrative remedies available to them (see Education Law, § 310, subd 7). Rabin, J. P., Gulotta, Cohalan and Bracken, JJ., concur.