OPINION OF THE COURT
Emily J. Goodman, J.
This is a motion made pursuant to CPLR 3211 (subd [a], par 7) by plaintiff Village Community School (the School) to dismiss defendant Adler’s counterclaims for failure to state a cause of action. These counterclaims arose in an action by the School to recover tuition moneys under a contract between the parties.
*818 Ms. Adler’s first counterclaim alleges that plaintiff’s agents represented to her that they possessed a specialized faculty that could identify and individually treat children with learning disabilities. She claims that those representations were fraudulently and/or negligently made, and that to her detriment, she relied on the representations in entering into her agreement with plaintiff. Defendant also claims that the school did not provide the afore-mentioned services, and therefore breached their contract. Defendant’s third counterclaim is for negligent infliction of emotional distress. She alleges that psychiatric intervention was necessary because her son received services which proved to be inappropriate and harmful when plaintiff failed to diagnose or misdiagnosed his learning disability.
The issue at bar is whether claims for breach of contract, fraudulent/negligent misrepresentation and negligent infliction of emotional distress in the educational context may be entertained by this court.
The courts have uniformly refused to determine negligence claims that are predicated upon educational malpractice. (Donohue v Copiague Union Free School Dist., 47 NY2d 440; Washington v City of New York, 83 AD2d 866; Helm v Professional Children’s School, 103 Misc 2d 1053 [App Term, 1st Dept].) The leading case in this area is Donohue v Copiague Union Free School Dist. It involved a recent high school graduate who lacked the basic ability to comprehend English on a level sufficient to complete employment applications. Although the court declined to impose liability on the school district for failure to provide a quality education, the court acknowledged that a complaint could be successfully pleaded. “If doctors * * * and other professionals are charged with a duty owing to the public whom they serve, it could be said that nothing in the law precludes similar treatment of * * * educators. Nor would creation of a standard * * * necessarily pose an insurmountable obstacle * * * As for proximate causation * * * it perhaps assumes too much to conclude that it could never be established.” (47 NY2d, at p 443.) Donohue concluded, however, that such claims should not be entertained as a matter of public policy. (47 NY2d, at p 444.)
In Hoffman v Board of Educ. (49 NY2d 121), the plaintiff was examined by a kindergarten school psychologist who *819 recommended placement in a class for children with retarded mental development (CRMD). Although a reevaluation in two years was also recommended, the defendant did not retest until the plaintiff was 18. At that time, they determined that he was not retarded. The plaintiff there sued for damages sustained from his diminished capacity for employment, but the court refused to allow the action. The Hoffman court followed Donohue (supra) and declined to recognize negligence claims for failure to provide a quality education.
The case at bar is different from the afore-mentioned ones in that it is based upon a breach of contract entered into with a private institution. The facts of Paladino v Adelphi Univ. (89 AD2d 85) more closely resemble the facts of the case before this court. That action was for breach of contract against a private school for failure to provide an effective education. The court declined to evaluate the soundness of the teaching methods because a breach of contract for quality instruction would force them to become overseers of the learning process. (89 AD2d, at pp 90-91.) However, that made an exception for one situation where liability could be imposed. “[I]f the contract with the school were to provide for certain specified services * * * and the school failed to meet its obligation * * * a contract action with appropriate consequential damages may be viable.” (89 AD2d, at p 92.) This is the situation with which this court is now presented.
Ms. Adler alleges that the School agreed to detect learning deficiencies and to provide the necessary tutorial and guidance services, but failed to do so. When defendants promised to detect learning disabilities, they effectively waived the implementation of competency testing and other educational tools as a discretionary measure and made it a requirement for full contract performance. In deciding whether to allow this action, this court is not required to review any discretionary actions taken as a result of plaintiff’s professional judgment. The claim is therefore permissible. (Donohue v Copiague Union Free School Dist., 47 NY2d, at p 444.)
Also at issue is whether an action for fraudulent or negligent misrepresentation can be maintained. If the duty *820 that is claimed to be violated through negligence is one owed to the general public, the act or decision is immune from review. (Poysa v State of New York, 102 Misc 2d 269.) Therefore, a cause of action based on negligent misrepresentation in the educational context is precluded. (See Donohue v Copiague Union Free School Dist., 47 NY2d 440, supra; Hoffman v Board of Educ., 49 NY2d 121, supra.)
Fraudulent misrepresentations of a material fact made without any attempt to perform is a sufficient basis for an action in deceit. (Prosser, Torts [3d ed], § 104.) Because of the problems of proof, however, the various remedies for deceit are not available for misstatements of opinion and quality, only for misstatements of fact. As the court in Paladino v Adelphi Univ. (89 AD2d, at p 94) enunciated: “An action for fraudulent misrepresentation in the educational context bespeaks an abuse of the trust imparted to our educators and should be entertained by the courts. Deception has no place in the educational process. While negligent misrepresentation and judgmental errors ought not be actionable * * * misrepresentations coupled with the element of scienter should result in the imposition of liability.” In that case, alleged misrepresentations as to educational quality were not found to be capable of proof.
Unlike the plaintiff in Paladino (supra), Ms. Adler does not claim that this plaintiff misrepresented the quality of the education that her children would receive. She alleges that the School told her that they would detect and treat any learning disability that her children may have, and that she justifiably relied on this information. Defendant states a viable cause of action because her claim for deceit requires the element of scienter. She can establish a prima facie case if she shows that plaintiff had no intention to fulfill its promise, that its resources were not adequate at the time of the contract or that it never performed such a service before.
Defendant’s third counterclaim is based on the theory of negligent infliction of mental distress. In New York, it is well established that physical contact or injury is no longer necessary for such a claim. (See Battalla v State of New York, 10 NY2d 237.) Thus, there may be recovery for *821 emotional distress resulting from a negligent act. However, the courts have unanimously held that monetary damages for educational malpractice based on a negligent theory are not recoverable. (Donohue v Copiague Union Free School Dist., 47 NY2d, at p 440; Hoffman v Board of Educ., 49 NY2d, at p 121; Helm v Professional Children’s School, 103 Misc 2d, at p 1053; Washington v City of New York, 83 AD2d 195, supra.) Defendant, therefore, may not sue for the mental distress caused by negligence in educational practices.
For the foregoing reasons, plaintiff’s motion to dismiss defendant’s counterclaims for breach of contract and fraudulent misrepresentation is denied and its motion to dismiss defendant’s claim for negligent infliction of emotional distress is granted.