■ LEON SAVINO et al., Respondents, v BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 1, WESTBURY, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated December 18, 1984, which denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Order affirmed, without costs or disbursements.

The complainant alleges that the defendant, by its agents, conducted certain psychological evaluations of the infant plaintiff while he was enrolled at a school, or schools, operated by the defendant. It is further alleged that these evaluations revealed that the infant plaintiff was suffering from severe psychological problems, but that the defendant, while knowing that these problems would worsen if left untreated, nonetheless refused or failed to notify the infant plaintiff's mother of his condition. It is alleged that as a result of this failure, the

psychological problems of the infant plaintiff worsened to the extent that he now displays "chronic antisocial behavior".

The defendant moved to dismiss the complaint on the ground that it fails to state a cause of action (CPLR 3211 [a] [7]) because it is based on educational malpractice, and hence is barred as a matter of public policy under the rule of *Donohue v Copiague Union Free School Dist.* (47 NY2d 440) and *Hoffman v Board of Educ.* (49 NY2d 121). Special Term held that the complaint did not sound in educational malpractice, and hence denied the motion. This appeal followed.

On appeal, the sole issue before us is whether the complaint in this action is one based on educational malpractice. We agree with Special Term that it is not. A claim of educational malpractice is based on allegations that a public or private school failed to properly educate a student *(see, e.g., Donohue v Copiague Union Free School Dist., supra; Paladino v Adelphi Univ.,* 89 AD2d 85). This includes cases where the failure to properly educate results from an incorrect assessment of a student's intellectual capacity *(see, e.g., Hoffman v Board of Educ., supra; Torres v Little Flower Children's Servs.,* 64 NY2d 119, *cert denied* — US —, 106 S Ct 181). However, the complaint under review does not allege that the infant plaintiff was improperly educated, and, hence, the complaint is not one based on educational malpractice. Therefore, the complaint should not be dismissed on this basis. In so holding, we express no opinion as to whether the allegations of the complaint are legally insufficient for any reason other than the one specifically raised on this appeal. Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.