■ CLARA DEROSA et al., Respondents, v CITY OF NEW YORK

et al., Appellants.—In an action to recover damages for educational negligence and malpractice, and medical malpractice, the defendants appeal from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated April 3, 1986, as denied that branch of their motion to dismiss the complaint with respect to the cause of action to recover damages for educational negligence, or, in the alternative, for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion to dismiss the complaint is granted in its entirety, and the complaint is dismissed.

While the infant plaintiff, Clara DeRosa, was a kindergarten student in a public elementary school, she was administered an I.Q. test which revealed that she had an I.Q. of 56. She was accordingly classified as "retarded" and placed in a "pre-primary class" for mentally deficient children. About three years later, the infant plaintiff was re-diagnosed as "deaf" with moderate to severe sensor-neural hearing loss and was appropriately placed.

The complaint alleges, *inter alia,* that the defendants were negligent in failing to perform any physical tests on the infant plaintiff, which "would have revealed that she was suffering from a hearing loss", prior to placing her in a "pre-primary" class for mentally deficient children and in misdiagnosing her condition. It further alleges that the defendants were "guilty of gross, willful and wanton negligence in failing to ascertain the infant plaintiff's hearing loss, in misdiagnosing a hearing loss as retardation, in placing the infant plaintiff in a class for retarded children, in allowing the infant plaintiff to remain in said class for a period of three years without conducting follow-up tests during said time" and it asserts "[t]hat an examination subsequent to 1972 of the infant plaintiff's hearing abilities would have revealed that her inability to speak, understand, learn and pay attention was due to her hearing loss".

The defendants' motion to dismiss the complaint for failure to state a cause of action was granted with respect to those causes of action to recover damages for medical and educational malpractice, and was denied with respect to the cause of action to recover damages for "educational negligence". The court based its decision on a distinction between educational malpractice which, it acknowledged is not cognizable in our courts *(see, Torres v Little Flower's Children's Servs.,* 64 NY2d 119, *cert denied* 474 US 864), and "educational negligence" *(see,* Elson, *A Common Law Remedy for the Edu-*

*cational Harms Caused by Incompetent or Careless Teaching,* 73 Nw U L Rev 641), concluding that since the complaint pleaded a cause of action in negligence, it was not subject to dismissal. We disagree and, accordingly, reverse.

"The courts have uniformly refused, based on public policy considerations, to enter the classroom to determine claims based upon educational malpractice" *(Paladino v Adelphi Univ.,* 89 AD2d 85, 87; *see, Hoffman v Board of Educ.,* 49 NY2d 121; *Donohue v Copiague Union Free School Dist.,* 47 NY2d 440). These public policy concerns dictate that "the courts * * * not second-guess the professional judgments of public school educators and administrators in selecting programs for particular students" *(Torres v Little Flower Children's Servs., supra,* at 123). "A claim of educational malpractice is based on allegations that a public or private school failed to properly educate a student * * * This includes cases where the failure to properly educate results from an incorrect assessment of a student's intellectual capacity" *(Savino v Board of Educ.,* 123 AD2d 314, 315).

The gravamen of the plaintiffs' complaint is that due to a mistaken determination as to the infant plaintiff's mental capacity, she was improperly placed in a class for mentally deficient children. As such, it sounds in "educational malpractice" and is not cognizable in the courts of this State, the plaintiffs' characterization of their claims notwithstanding *(Hoffman v Board of Educ., supra,* at 125). Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.