■ RICHARD SITOMER et al., Respondents, v HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT et al., Appellants.—In an action, inter alia, to recover damages for the negligent infliction of emotional distress, etc. the defendants Arthur Dubin and Half Hollow Hills Central School District separately appeal from an order of the Supreme Court, Suffolk County (Luciano, J.), entered April 11, 1986, which denied their respective motion and cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs, the motion and cross motion are granted, and the complaint is dismissed.

Pursuant to 8 NYCRR 135.4 (c) (7) (ii) (a) (4), local boards of education may permit "pupils in grades no lower than seventh to compete on any senior high school team * * * provided the pupils are placed at levels of competition appropriate to their physiological maturity * * * in accordance with standards established by the commissioner". Accordingly, and in compliance with guidelines established by the State Education Department, the infant plaintiff was seen by the school physician, the defendant Arthur Dubin, who, utilizing the recommended screening procedures, determined that the junior high school student had not reached a level of physiological maturity sufficient to allow him to try out for the high school tennis team.

Thereafter, the infant plaintiff, by his father, commenced the instant action. The complaint alleged, *inter alia,* that the school district's actions were arbitrary, capricious and unlawful and deprived the infant plaintiff of an opportunity to further his development as a tennis player. Additionally, it alleged that he was "subjected to great humiliation, embarrassment and scorn, [and] suffered mental and physical distress". For his cause of action against the defendant Dr. Dubin, it was alleged that the school physician negligently failed to exercise reasonable judgment and failed to follow proper medical practice in evaluating the infant plaintiff's level of physiological maturity.

After the completion of discovery, the defendants separately moved for summary judgment upon the ground that the complaint failed to state a cause of action upon which relief could be granted. Trial Term denied the motions, stating only that factual issues precluded summary judgment. We disagree and reverse.

In the present case, the decision of the school officials to refuse the infant plaintiff an opportunity to try out for the high school tennis team was based upon the results of a screening test designed under the auspices of the State Education Department which was administered by the school physician. To permit a finding of liability in these circumstances, a court would be required to allow the finder of fact to substitute its judgment for the judgment of professional educators as to the type of screening devices to be used in determining whether a student should be allowed to participate in an interscholastic athletic program at a level above the grade in which he or she is enrolled *(see, Hoffman v Board of Educ.,* 49 NY2d 121, 126). Public policy concerns dictate that "the courts * * * not second-guess the professional judgments of public school educators and administrators in selecting programs for particular students" *(Torres v Little Flower Children's Servs.,* 64 NY2d 119, 123, *cert denied* 474 US 864; *see, Hoffman v Board of Educ., supra; Donohue v Copiague Union Free School Dist.,* 47 NY2d 440).

Although the plaintiffs argue that they had pleaded a cause of action sounding in negligent infliction of emotional distress, the gravamen of the complaint is that due to an incorrect determination as to the infant plaintiff's level of physiological maturity, he was improperly precluded from attempting to earn a position on the high-school-level tennis team, and thus was compelled to continue competing only with students at his grade level. As such, it sounds in " 'educational

malpractice' " and is not cognizable in the courts of this State, notwithstanding the manner in which the plaintiffs characterize their claims (Hoffman v Board of Educ., supra, at 125; DeRosa v City of New York, 132 AD2d 592).

To the extent the complaint purportedly alleges a cause of action in medical malpractice, Dr. Dubin, the school physician and an employee of the school district (see, Education Law § 902), owed the infant plaintiff no duty other than to adminis- ter the screening test in a proper manner (cf., Jenkins v Wilbur, 72 AD2d 822; Ayers v Russell, 50 Hun 282). There being no allegation that the examination was improperly conducted, Dr. Dubin cannot be said to have breached a duty.

Finally, under the circumstances, the allegations of the complaint are insufficient to sustain a cause of action for the negligent infliction of emotional distress (cf., Cavello v Sher- burne-Earlville Cent. School Dist., 110 AD2d 253, lv and appeal dismissed 67 NY2d 647). Niehoff, J. P., Mangano, Eiber and Harwood, JJ., concur.