■ JASON SURIANO et al., Respondents, v HYDE PARK CENTRAL SCHOOL DISTRICT, Appellant. [611 NYS2d 20] —In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), entered April 15, 1992, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs commenced the instant action to recover for the infant plaintiff's alleged mental and emotional suffering and for his mother's purported expenditures in connection therewith. They essentially alleged that the defendant school district breached a duty of care owed to the infant plaintiff by promoting him from the first grade through the third grade despite his poor academic performance, by failing to detect a purported learning disability of the infant plaintiff, by failing to place him in a special education program to treat his learning disability, and by failing to provide him with a proper education. The defendant moved for summary judgment dismissing the complaint, contending that the complaint failed to state a legally cognizable cause of action. The Supreme Court denied the motion, finding that the action sounded in ordinary negligence and could be maintained. We reverse.

The record contains sufficient evidentiary material upon which to determine the defendant's motion for summary judgment. Further, it is clear from a review of the pleadings that this action is premised solely on a theory of educational malpractice, notwithstanding the plaintiff's assertions to the contrary (see, Sitomer v Half Hollow Hills Cent. School Dist., 133 AD2d 748; DeRosa v City of New York, 132 AD2d 592). In numerous cases, many of which involved allegations substantially similar to those in the matter at bar, the courts of this State have repeatedly refused to entertain educational malpractice causes of action because public policy precludes judicial interference with the professional judgment of educators and with educational policies and practices (see, e.g., Torres v Little Flower Children's Servs., 64 NY2d 119, cert denied 474 US 864; Hoffman v Board of Educ. 49 NY2d 121; Donohue v Copiague Union Free School Dist., 47 NY2d 440; DeRosa v City of New York, supra; Paladino v Adelphi Univ., 89 AD2d 85). The instant case presents no basis upon which to depart from this established principle.

The plaintiffs' reliance upon our decision in Savino v Board of Educ. (123 AD2d 314) is misplaced, inasmuch as liability in that case was premised upon a failure to disclose the results of psychological evaluations which were incidental to and distinct from the educational function and policies of the school. Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.