■ Ashish Sirohi, Appellant, v Jessica Lee et al., Defendants, and Trustees of Columbia University et al., Respondents. [634 NYS2d 119] —Order, Supreme Court, New York County (Walter Schackman, J.), entered June 29, 1994, which, *inter alia*, granted defendants-respondents' motion to dismiss the complaint as against them pursuant to CPLR 3211 (a) (7) and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs.

The IAS Court properly dismissed the tenth through twelfth causes of action of the complaint alleging, in essence, that the Columbia trustees and individual defendants had failed to provide the quality of educational environment promised and made false representations concerning the atmosphere and disciplinary process at Columbia. The court correctly found these claims to be an improper attempt to circumvent the principle that there is no cognizable tort claim in New York for " 'educational malpractice' " (*Donohue v Copiague Union Free School Dist.*, 47 NY2d 440, 442; *Paladino v Adelphi Univ.*, 89 AD2d 85). Courts have refused to substitute their judgment for that of university officials or to review the day-to-day administration of academic policies (*Sitomer v Half Hollow Hills Cent. School Dist.*, 133 AD2d 748; *DeRosa v City of New York*, 132 AD2d 592), and have recognized that there is no longer any liability under the doctrine of in loco parentis or any legal duty, under either contract or tort theory, for an academic college facility to shield students from the dangerous activities of other students (*Eiseman v State of New York*, 70 NY2d 175, 190-191; *Wells v Bard Coll.*, 184 AD2d 304, *lv denied* 80 NY2d 971).

The twelfth cause of action for fraud was also properly dismissed as deficient since the purported representation that Columbia has an "atmosphere conducive to academic pursuits" is a mere expression of opinion, rather than a misrepresentation of a material fact, and is insufficient to support an action for fraud (*Paladino v Adelphi Univ., supra*, at 94).

Nor did the IAS Court err in dismissing the thirteenth cause of action, alleging that individual defendant Blank had, in bad faith, falsified plaintiff's student records. Plaintiff failed to state the circumstances constituting the wrong and to allege each of the elements of fraud, i.e., misrepresentation of a material fact, scienter, justifiable reliance, and injury, with the particularity mandated by CPLR 3016 (b) (*Lanzi v Brooks*, 54 AD2d 1057, 1058, *affd* 43 NY2d 778).

In any event, punitive damages would not be recoverable for the conduct alleged in the tenth through thirteenth causes of action since no wrongdoing of a continuous and systematic nature aimed at the public generally is involved and since any underlying private wrong would be adequately compensated by monetary damages (*Garrity v Lyle Stuart, Inc.*, 40 NY2d 354; *Samovar of Russia Jewelry Antique Corp. v Generali Gen. Ins. Co.*, 102 AD2d 279, 283).

Finally, the cross motion by plaintiff *pro se* seeking to amend the thirteenth cause of action of the complaint to include Columbia University as an additional defendant was properly denied because the proposed amendment was devoid of merit (*Mobil Oil Corp. v Joshi*, 202 AD2d 318, 319), and because plaintiff failed to furnish the proposed amended pleading (*Abbott v Herzfeld & Rubin*, 202 AD2d 351, 352).

We have reviewed plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.