OPINION OF THE COURT
Memorandum.
Ordered that the judgment is affirmed without costs.
This small claims action was to recover the sum of $1,063.20 as the balance allegedly due under a contract between plaintiff and defendants for private art classes for defendants’ daughter, Caitlin. After a nonjury trial, the District Court awarded plaintiff the principal sum of $210. It found ambiguities in the contract provisions with respect to termination, and, therefore, construed the contract against plaintiff who drafted the contract. Plaintiff appeals on the ground of inadequacy.
Our review of the judgment is limited to whether “substantial justice has not been done between the parties according to the rules and principles of substantive law” (UDCA 1807).
“The deference which we normally accord to the credibility determinations of a trial court ‘applies with greater force’ in small claims proceedings, given the limited scope of review and the often attenuated record available on appeal (Williams v. Roper, 269 AD2d 125, 126). Even if we differed with the small claims court on an arguable point of fact or law, we may not reverse absent a showing that there is no support in the record for the court’s conclusions or that they are otherwise so clearly erroneous as to deny substantial justice” (Payne v Biglin, 2 Misc 3d 127[A], 2003 NY Slip Op 51694[U], *1 [App Term, 9th & 10th Jud Dists 2003]).
The evidence adduced at trial showed that, in the summer of 2006, Caitlin attended a series of classes taught by plaintiff, which classes were offered through an organization called “Art Without Walls, Inc.” On September 8, 2007, defendants entered into a multi-page contract prepared by plaintiff. Pursuant to the contract, defendants enrolled their daughter for the period generally corresponding to the 2007-2008 academic year in a course of weekly private art lessons with “Sharon Lippman — Private Art Colony.” Although defendant Dawn Corrigan signed one *63 page of the contract pertaining to group art classes, which stated that tuition was $1,050 to be paid in five bimonthly installments of $210, several handwritten notations appeared on the contract, indicating that Caitlin was being enrolled in a private class, rather than a group class. Plaintiff initialed a note that the page stating the tuition to be $1,050 was void; that note referred to the private class provisions on page 12. Page 12, which was signed by defendant Tina Orosco, stated that the annual tuition was $1,300, which defendants elected to pay in five bimonthly installments of $260 each. It was undisputed that defendants had paid $260 at the time of enrollment.
The contract also contained numerous references to withdrawal. No trial period was allowed for “students who attended the summer or previous sessions.” “New students” were allowed a one-month trial period as follows:
“A basic one month trial period is set up for the student to explore the class and the work, as well as for the director to accept potentiality.
“One month constitutes 4 sessions, or the first 4 session period attended.
“After the first month of attendance, all tuition for the school term will be binding. This applies to new students only, not students who attended the summer or previous sessions.
“If a student withdraws immediately after the first month and the director is properly notified on the 4th class, no additional tuition will be owed.
“It will be clearly understood, at the time of the 5th class, all tuition for the full school term is owed.
“$210 due for trial period: nonrefundable/ 1 session = 2 hours.”
However, as to students enrolled for private art instruction, the contract added:
“The contract is due on October 10, 2007.
“After October 10, 2007 the contract and full tuition is binding.
“The above refers to new students only.
“Previous students the contract is fully binding on September 19, 2007.
“If a student leaves on October 10, 2007 a one bimonthly tuition is not refunded (new students only). $260 payment.”
*64 After being enrolled in private art classes on September 8, 2007, Caitlin attended one 4V2-hour group class held at an arboretum on September 15, 2007, two private classes on September 26, 2007, and one private class on October 3, 2007. Whether Caitlin attended the September 15 group class as a guest or as a student and the date that Caitlin withdrew from plaintiffs classes were disputed issues.
Any ambiguity in contract language must be construed against plaintiff as the party who drafted the contract (Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc., 10 AD3d 699, 700 [2004]). The contract failed to define the term “new student.” Even though Caitlin had previously taken art lessons from plaintiff, those lessons were provided by an independent corporation, rather than the entity Sharon Lippman — Private Art Colony, and occurred two summers prior to the contract period. Accordingly, the District Court correctly concluded that Caitlin was entitled to the contract “trial period” allowed to new students.
The contract also failed to specify the technical requirements for withdrawal. It indicated that for private students “[a]fter October 10, 2007 the contract and full tuition is binding.” It was undisputed that Caitlin never attended art lessons after October 3, 2007. We conclude that there was sufficient evidence in the record to support the District Court’s award and its determination that defendants were entitled to, and did, cancel the contract. Accordingly, we affirm the judgment (see UDCA 1807).
Nicolai, PJ., Tanenbaum and Molla, JJ., concur.