■ MARIO INTRONA, Respondent, v HUNTINGTON LEARNING CENTERS, INC., et al., Appellants. [911 NYS2d 442]—

In an action to recover damages for fraud, breach of contract, and negligent infliction of mental distress, the defendants appeal from an order of the Supreme Court, Richmond County

(McManon, J.), dated March 30, 2010, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action to recover damages for fraud and the third cause of action to recover damages for negligent infliction of mental distress, with leave to renew after the completion of discovery.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action to recover damages for negligent infliction of mental distress, with leave to renew after the completion of discovery, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

When determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading must be afforded a liberal construction (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87 [1994]). The facts as alleged in the complaint are accepted as true, with the plaintiff accorded the benefit of every favorable inference (see Leon v Martinez, 84 NY2d at 87-88).

In the verified complaint, the plaintiff alleged that when his son, Mario Introna (hereinafter the child), was in first grade, he sought "individualized learning and education assistance" from the defendant Huntington Learning Corporation (hereinafter Huntington), a franchisee of the defendant Huntington Learning Centers, Inc. (hereinafter the franchisor), to ameliorate the child's dyslexia. On July 25, 2007, the plaintiff entered into a contract with Huntington, whereby Huntington would provide 274 hours of classroom instruction to the child at a rate of $54 per hour. The complaint further alleged that, during that period, Huntington refused to provide the plaintiff with copies of the child's test scores and interim progress reports. The plaintiff claimed that he spent "no less than" $25,000 for Huntington's services, and, as a result of Huntington's instruction, the child "receives therapy to cope with this learning disability and depression, which both progressively worsened."

In the first cause of action to recover damages for "fraudulent misrepresentation," the plaintiff alleged, inter alia, that Huntington misrepresented that all of its instructors were "licensed teachers and certified to provide the proper instruction" when it knew they were not, and that it knowingly made other misrepresentations in the contract and other materials provided to the plaintiff. In the second cause of action to recover the sum of $25,000 in compensatory damages for breach of contract, the plaintiff alleged that Huntington breached its contract to provide a one-to-one teacher-student ratio, and no

more than a four-to-one teacher-student ratio, when it provided services at an eight-to-one teacher-student ratio, that Huntington breached its contract to provide test scores and interim progress reports, and that Huntington advised the child's parents that he was progressing well when that was not the case. In the third cause of action to recover damages for negligent infliction of mental distress, the plaintiff alleged that, as a result of the deficient instruction, and Huntington's failure to advise the child's parents that he required other services, the child suffered emotional trauma and a worsening of his learning disability "to the point of irreparable harm," resulting in anxiety and depression requiring therapy.

The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action to recover damages for fraud and the third cause of action to recover damages for negligent infliction of mental distress. In opposition, the plaintiff contended that the first cause of action stated a viable claim for damages for fraudulent inducement to enter into the contract, which was not duplicative of the cause of action sounding in breach of contract because the misrepresentations "were not based on a failure to perform future acts under the contract, but rather a misrepresentation of existing circumstances." The plaintiff further asserted that, taking all of the allegations in the complaint as true, he stated a cause of action sounding in negligent infliction of mental distress, since he alleged that, as a result of the defendants' conduct, the child suffered actual mental injury requiring medical treatment. In the order appealed from, The Supreme Court denied the defendants' motion "with leave to renew after discovery."

The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). General allegations that a defendant entered into a contract with the intent not to perform are insufficient to support a cause of action sounding in fraud (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]).

However, a misrepresentation of a material fact which is collateral to the contract and serves as an inducement to enter into the contract is sufficient to sustain a cause of action sounding in fraud (*see Selinger Enters., Inc. v Cassuto*, 50 AD2d 766, 768 [2008]; *WIT Holding Corp. v Klein*, 282 AD2d 527, 528 [2001]). Further, a cause of action sounding in fraud is not duplicative of a cause of action to recover damages for breach of

contract where the plaintiff sues individuals who were not parties to the contract, and seeks compensatory damages which are not recoverable for breach of contract (*see Selinger Enters., Inc. v Cassuto*, 50 AD3d at 768; *cf. Linea Nuova, S.A. v Slowchowsky*, 62 AD3d 473 [2009]).

In the instant case, the contract, referred to as the "General Enrollment Form," and the other materials which, although apparently not a part of the contract, purportedly contained fraudulent misrepresentations, are not part of the record. Therefore, we cannot ascertain which alleged misrepresentations are part of the contract and which are not. The complaint did not allege that the alleged misrepresentation that the persons giving instruction would be licensed teachers certified to provide instruction was part of the contract; this could constitute an assertion of a material fact collateral to the contract which served as an inducement to enter into the contract (*see Selinger Enters., Inc. v Cassuto*, 50 AD3d at 768; *WIT Holding Corp. v Klein*, 282 AD2d at 528). Misrepresentations included in brochures and other materials, and not in the contract itself, may constitute the basis of a cause of action sounding in fraud (*see Board of Mgrs. of Marke Gardens Condominium v 240/242 Franklin Ave., LLC*, 71 AD3d 935 [2010]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the first cause of action to recover damages for fraud.

However, the third cause of action seeking to recover damages for "negligent infliction of mental distress" is in actuality a cause of action sounding in educational malpractice, which is not cognizable in this State (*see McGovern v Nassau County Dept. of Social Servs.*, 60 AD3d 1016, 1017 [2009]; *Suriano v Hyde Park Cent. School Dist.*, 203 AD2d 553, 554 [1994]; *Sitomer v Half Hollow Hills Cent. School Dist.*, 133 AD2d 748, 749 [1987]; *Village Community School v Adler*, 124 Misc 2d 817, 818 [1984]). Accordingly, the third cause of action sounding in negligent infliction of mental distress must be dismissed.

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Rivera, J.P., Angiolillo, Roman and Sgroi, JJ., concur.