■ CIRCLE ASSOCIATES, L.P., Appellant, v STARLIGHT PROPERTIES, INC., Respondent. [949 NYS2d 750]—

In an action to recover damages for fraud, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated July 25, 2011, as granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and on the first counterclaim, and (2) from a judgment of the same court entered September 12, 2011, which, upon the order, is in favor of the defendant and against it, in effect, dismissing the complaint, and is in favor of the defendant and against it in the principal sum of $33,770 on the defendant's first counterclaim.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff entered into a contract to purchase a parcel of real property within a proposed subdivision owned by the defendant for the sum of $4.5 million. Thereafter, an affiliate of the plaintiff entered into two contracts with the defendant to perform infrastructure work on the subdivision. A subsequent letter agreement between the plaintiff and the defendant, executed on the closing date, modified the contract of sale and, inter alia, provided the plaintiff a credit against the purchase price for the price of the ongoing infrastructure work performed by its affiliate. The letter agreement also set forth additional terms between the parties regarding their respective rights to excess material removed from the subdivision. The plaintiff agreed to pay the defendant the sum of $137,310 for excess material being removed in connection with the infrastructure work, and the defendant was given a credit against the purchase price in exchange for the plaintiff being entitled to all additional excess material remaining on the site. After purchasing the property, the plaintiff entered into an "order on consent" with the Town of Brookhaven in which it was agreed that 65,800 cubic yards of excess material had been removed from the site without a required permit. The plaintiff agreed, inter alia, to pay the Town the sum of $197,400 (representing $3 per cubic yard) for the amount of excess material removed without a permit.

Subsequently, the plaintiff commenced this action to recover damages in the amount it paid the Town and the market value of 65,800 cubic yards of excess material. The plaintiff alleged that the defendant fraudulently induced it to enter into the letter agreement by misrepresenting the amount of excess material on the site. The defendant asserted counterclaims, inter alia, alleging breach of contract based on the plaintiff's failure to make the final installment payment of $33,770 for excess material, as required by the letter agreement. The Supreme Court granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and on its

counterclaim to recover the final installment payment of $33,770.

"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (*Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence demonstrating that it did not make a material misrepresentation that induced the plaintiff to enter into the letter agreement. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

The Supreme Court also properly granted that branch of the defendant's motion which was for summary judgment on its counterclaim to recover the final installment payment under the letter agreement. Skelos, J.P., Balkin, Lott and Miller, JJ., concur.