OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and *46 plaintiff’s motion for summary judgment on the complaint and dismissing defendants’ counterclaims is granted.
In this action, plaintiff seeks to recover the principal sum of $14,800.68 in tuition and fees for the 2007-2008 calendar year from defendants, whose daughter had attended kindergarten at plaintiff’s school during the 2006-2007 academic year. In April 2007, defendants signed a contract to enroll their daughter in first grade at the school for the 2007-2008 school year (the contract). The annual tuition was $15,800, 10% of which defendants paid upon signing. Besides tuition, the contract set forth a number of mandatory fees, including a computer lab fee, an activity fee, and a parents’ association fee. Defendants agreed to pay an additional $325 administrative fee in connection with their election to pay the tuition in monthly installments. The contract permitted defendants to cancel the contract by written notice to the school on or before June 15, 2007, in which case the 10% enrollment deposit would be forfeited. Failing such timely cancellation, the contract provided that defendants would be liable for the full amount of tuition and fees. However, the school offered a separate tuition refund plan, in which defendants declined to participate, thus affirmatively acknowledging that “no refund or cancellation of the yearly tuition and fees will be made by the school, for absence, withdrawal, or dismissal before the end of the school year, and [we] herewith agree to assume full responsibility for the full annual tuition and fees.” Beginning in the late autumn of 2006, defendants became concerned that their daughter might have special educational needs. In August 2007, defendants notified plaintiff’s administrators of their decision not to have their child attend the school for the 2007-2008 school year. They enrolled their daughter in a different private school for that school year, and made no further tuition payments to plaintiff.
In this action, plaintiff seeks to recover the amount due under the contract. In their answer, defendants alleged that their daughter had had special educational needs, that plaintiff had been responsible, but had failed, to identify or adequately address those needs, thereby breaching the parties’ contract, and that they had justifiably withdrawn their daughter from plaintiff’s school. Defendants asserted that the damages plaintiff sought were, in any event, unreasonable and punitive. They stated three counterclaims: that plaintiff had failed in a duty to identify their daughter’s special needs or to provide qualified educators to address those needs; that plaintiff had *47 breached a duty of confidentiality; and that they were entitled to legal fees. Plaintiff denied liability.
Following discovery, plaintiff moved for summary judgment on the complaint and dismissing the counterclaims. Its motion was supported, in part, by a copy of the parties’ contract, by statements of account plaintiff had sent defendants, and by the affidavit of plaintiff’s school’s headmaster. Plaintiff also cited portions of defendants’ deposition testimony in support of its claim that, because there was no evidence to support defendants’ counterclaim for breach of confidentiality, that counterclaim should be dismissed.
In opposition, defendants argued that there was a material question of fact as to whether plaintiff was responsible for and capable of meeting the special needs of defendants’ daughter. They also asserted that the sum of money plaintiff sought to recover was excessive and constituted an impermissible penalty. They failed, however, to refute plaintiffs claims with respect to the counterclaim for breach of confidentiality.
The District Court denied plaintiff’s motion, upon a finding that there existed material and triable issues as to whether plaintiff was so incapable of providing necessary educational services to defendants’ daughter that defendants should have been permitted to rescind the enrollment contract, and as to whether the liquidated damages permitted under the enrollment contract were so disproportionate to plaintiff’s actual damages that they constituted an unenforceable penalty.
The parties’ rights are governed by their contract (see Sweeney v Columbia Univ., 270 AD2d 335, 336 [2000]; see also Broome v Pace Univ., 170 Misc 2d 893, 896 [App Term, 2d Dept, 9th & 10th Jud Dists 1996]). Plaintiff made a prima facie showing of its entitlement to summary judgment on its cause of action for breach of contract by its submission of the enrollment contract, which contained an unconditional promise to pay a sum certain, and evidence that defendants had failed to make payments called for by its terms (see Sisters of Holy Child Jesus at Old Westbury, Inc. v Pallotta, 131 AD3d 525, 526 [2015]).
Although defendants contend that an issue of fact exists as to whether plaintiff was able to meet their daughter’s special needs, “ £[t]he courts are an inappropriate forum to test the efficacy of educational programs and pedagogical methods’ ” (Paladino v Adelphi Univ., 89 AD2d 85, 90 [1982], quoting Donohue v Copiague Union Free School Dist., 64 AD2d 29, 35 [1978]). The quality and qualifications of teachers employed by *48 private schools “are concerns not for the courts, but rather for the State Education Department and its commissioner” (Paladino v Adelphi Univ., 89 AD2d at 93, citing Education Law § 5003). The gist of defendants’ claim, asserted both as a defense and as a counterclaim, that plaintiff’s personnel were unqualified to address the special needs of defendants’ daughter, is educational malpractice, which is not cognizable as a cause of action in New York State (see e.g. Hoffman v Board of Educ. of City of N.Y., 49 NY2d 121, 125 [1979]; Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 899 [2010]), and likewise cannot serve as a defense. Since the parties’ contract, which was unambiguous (see Lippman v Orosco, 27 Misc 3d 61 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]), contained no specific representations as to plaintiff’s ability to address the special needs of defendants’ daughter (see Curley v Nina Maria Corp., 33 Misc 3d 142[A], 2011 NY Slip Op 52211 [U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]), we conclude that plaintiff was entitled to summary judgment dismissing defendants’ first counterclaim, which alleged a failure to provide adequate services in the circumstances. Nor are we persuaded that there exists a material issue of fact, precluding summary judgment on the complaint, as to whether the contractual requirement, that defendants pay the full annual tuition and fees for their daughter following their untimely termination of the contract, constituted an impermissible penalty. “In effect, a liquidated damage provision is an estimate, made by the parties at the time they enter into their agreement, of the extent of the injury that would be sustained as a result of breach of the agreement. (5 Williston, Contracts [3d ed], § 776, p 668.)” (Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 424 [1977].) “A provision which requires damages ‘grossly disproportionate to the amount of actual damages provides for [a] penalty and is unenforceable’ ” (172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 536 [2014], quoting Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d at 424). The burden is on the party seeking to avoid a liquidated damages provision to show that the provision is, in fact, a penalty (172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d at 536; accord JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 380 [2005]).
Defendants failed either to meet their burden of demonstrating that the liquidated damages clause of the contract *49 was, in fact, a penalty, or to demonstrate that plaintiff had thwarted their ability to prove such a contention. Moreover, we note that plaintiff established, prima facie, the propriety of the liquidated damages provision of the parties’ contract by submitting the affidavit of its headmaster, who stated that, pursuant to the parties’ contract, plaintiff had reserved a place for defendants’ daughter in its first grade class for the 2007-2008 school year, and asserted that plaintiff plans its yearly budget based upon its enrollment commitments for the following year, and makes irreversible financial commitments to teachers and staff based upon such commitments (see Pierre v St. Benedict’s Episcopal Day Sch., 324 Ga App 283, 750 SE2d 370 [2013]; Western Reserve Academy v Franklin, 999 NE2d 1198 [Ohio Ct App 2013]; Barrie Sch. v Patch, 401 Md 497, 933 A2d 382 [2007]; Lake Ridge Academy v Carney, 66 Ohio St 3d 376, 613 NE2d 183 [1993]; St. Margaret’s-McTernan Sch., Inc. v Thompson, 31 Conn App 594, 627 A2d 449 [1993]). We therefore conclude that plaintiff is entitled to summary judgment on its cause of action for breach of contract.
Defendants’ second counterclaim was for breach of confidentiality. In support of that branch of its motion which sought summary judgment dismissing the second counterclaim, by its citation to portions of defendants’ deposition testimony which disproved such a claim and demonstrated the absence of any material issues of fact, plaintiff made a prima facie showing of entitlement to judgment thereon as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition, defendants failed “to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action” (id.). The branch of plaintiff’s motion seeking summary judgment dismissing the second counterclaim therefore should also have been granted.
Defendants’ third counterclaim was to recover damages for expenses they incurred defending this action, which they claimed to be frivolous. Since we conclude that the action is meritorious, plaintiff is entitled to summary judgment dismissing the third counterclaim.
Accordingly, the order is reversed and plaintiff’s motion for summary judgment on the complaint and dismissing defendants’ counterclaims is granted.
Maraño, P.J., Garguilo and Connolly, JJ., concur.