Anna Alterman, Respondent,
against
Adelphi Academy of Brooklyn, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered May 7, 2015. The order denied defendant's motion to vacate a default judgment.




ORDERED that the order is affirmed, without costs.
In this small claims action for the refund of a tuition deposit, defendant moved to vacate a default judgment, pursuant to CPLR 317 and 5015 (a) (1). In support of the motion, defendant submitted the affidavit of its head of school, Iphigenia Romanos, who asserted that defendant had only become aware of the existence of the action when it had been notified of the judgment. With respect to defendant's "meritorious defense," Romanos stated that, after plaintiff's family had visited and interviewed at defendant school, defendant "decided to accept" plaintiff's son as a student in its pre-kindergarten program for the 2014-2015 school year, and that plaintiff, having been informed of defendant's tuition and additional costs, and of its requirement that a $4,000 nonrefundable deposit be paid to reserve a place in defendant's program, had then paid the $4,000 deposit. On August 7, 2014, plaintiff withdrew her child's application and requested the return of her deposit. Romanos then reminded plaintiff that the deposit was nonrefundable, but informed plaintiff that she could apply to defendant's board of trustees for a return of the deposit, which plaintiff did not do. Romanos annexed to her affidavit a copy of an unsigned contract, which provided that the $4,000 tuition enrollment deposit was nonrefundable. The Civil Court denied defendant's motion to vacate the default judgment on the ground that defendant had failed to provide any exhibit in support of its contentions as to a meritorious defense.
An agreement that a tuition deposit is nonrefundable may be enforceable (see Sisters of the Holy Child Jesus at Old Westbury, Inc. v Corwin, 51 Misc 3d 44 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; see also Montanez v Fedkids Child Care Ctr., 2003 NY Slip Op 51318[U] [App Term, 1st Dept 2003]), as may an unsigned contract, where there is objective evidence that the parties intended to be bound (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 369 [2005]; see also Gallagher v Long Is. Plastic Surgical Group, P.C., 113 AD3d 652, 653 [2014]). However, we need not ultimately decide whether defendant proffered a potentially meritorious defense, as, in any event, defendant failed either to demonstrate a reasonable excuse for its default which is required for relief under CPLR 5015 (a) (1) (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]), or to establish that it had lacked actual notice of the [*2]action in time to defend for the purpose of CPLR 317 (see Williamson v Marou Cab Corp., 129 AD3d 711, 713 [2015]).
The record indicates that the Civil Court notified defendant of the action by ordinary first class mail and certified mail with return receipt requested (see CCA 1803). Since there is no indication that the mail was returned as undeliverable, defendant's conclusory denial of service failed to rebut the presumption that defendant had received notice of the claim (see Williamson v Marlou Cab Corp., 129 AD3d at 713; see also Stoessel v Allstate Ins. Co., 28 Misc 3d 129[A], 2010 NY Slip Op 51244[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; Oparaji v United Home Mtge. Co., 16 Misc 3d 131[A], 2007 NY Slip Op 51369[U] [App Term, 1st Dept 2007]). Defendant's motion to vacate its default should therefore have been denied on the ground that defendant failed to demonstrate either that it had lacked actual notice of the action in time to defend, or that it had a reasonable excuse for its default.
Accordingly, the order is affirmed, albeit on grounds other than those stated by the Civil Court.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: November 21, 2016