■ JEFFREY P. DUNN, JR., Appellant-Respondent, v RUSSELL E. BROWN, Defendant, and JASON DEL PILAR, Respondent-Appellant. [690 NYS2d 81] —In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered May 12, 1998, as (a) granted that branch of the motion of the defendant Jason Del Pilar which was for summary judgment dismissing so much of the plaintiff's fourth cause of action as sought to recover damages based on the alleged negligent entrustment of a dangerous instrument insofar as asserted as against him, and (b) purportedly, *sua sponte,* directed the deposition of a nonparty witness, and (2) the defendant Jason Del Pilar cross-appeals, as limited by his brief, from so much of the same order as denied that branch of his motion which was for summary judgment dismissing the plaintiff's third cause of action insofar as asserted against him.

Ordered that the plaintiff's appeal from so much of the order as purportedly, *sua sponte,* directed the deposition of a nonparty witness is dismissed, without costs or disbursements, as no appeal as of right can be taken from that portion of the order and we decline to grant leave to appeal (*see,* CPLR 5701); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff's fourth cause of action insofar as it asserts a

claim based on negligent entrustment is grounded upon allegations of intentional conduct. Since allegations of intentional conduct cannot form the basis of a claim founded in negligence (*see, Wertzberger v City of New York,* 254 AD2d 352; *Friedman v Gallinelli,* 240 AD2d 699; *Cummins v Schouten,* 160 AD2d 1165), the Supreme Court properly dismissed that claim.

The court also properly concluded that material issues of fact exist as to whether the defendant Jason Del Pilar, acting in concert with the defendant Russell E. Brown, intended to assault the plaintiff (*see, Rastelli v Goodyear Tire & Rubber Co.,* 79 NY2d 289, 295; *Vanacore v Teigue,* 243 AD2d 706).

Although we are dismissing the plaintiff's appeal from so much of the order as purportedly, *sua sponte,* directed the deposition of a nonparty witness, we note that the plaintiff mischaracterizes the court's order. The court did not direct the witness to appear for a deposition. S. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.