■ SELINGER ENTERPRISES, INC., Respondent, v DAVID CAS-SUTO et al., Appellants. [— NYS2d —]—

In an action, inter alia, to recover damages for fraud, the defendants appeal from an order of the Supreme Court, Nassau

County (Winslow, J.), dated August 10, 2007, which denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were to dismiss the first, second, third, fourth, fifth, and sixth causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

On November 28, 2005 the plaintiff Selinger Enterprises, Inc. (hereinafter Selinger) entered into an exclusive broker's agreement (hereinafter the agreement) with nonparty Premium Capital Funding (hereinafter PCF), under which Selinger would receive a broker's commission in the event PCF leased premises from a landlord introduced to it by Selinger. The defendant David Cassuto executed the agreement on behalf of PCF. Two days later, Selinger showed Cassuto certain premises (hereinafter the premises). Within two months, however, Cassuto was employed by the defendant Franklin First Financial Ltd., doing business as Franklin First Mortgage Bankers (hereinafter Franklin First), which leased the premises from the landlord of that property a short time after Selinger showed them to Cassuto. When neither Cassuto nor Franklin First paid Selinger a commission, Selinger commenced this action against Cassuto and Franklin First to recover damages, inter alia, for breach of contract, unjust enrichment, conversion, and fraud, and based on quantum meruit. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court denied the motion. We modify.

The agreement itself is documentary evidence that conclusively establishes a defense to the contract and quasi contract causes of action (see CPLR 3211 [a] [1]; Sargent v New York Daily News, L.P., 42 AD3d 491, 493 [2007]; cf. Sullivan v State of New York, 34 AD3d 443, 445 [2006]; Nevin v Laclede Professional Prods., 273 AD2d 453 [2000]). The parties to the agreement were Selinger and PCF. Although Cassuto signed the contract, he did so only as an agent of PCF, and he was not personally liable on it (see 150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1, 6-7 [2004]; Limited Liability Company Law § 609; see also 12 Lord, Williston on Contracts § 35.34, at 351-352 [4th ed]). Franklin First was not a party to the agreement at all and thus had no liability under it. Further, because the services were rendered to PCF under the agreement, and not to Cassuto individually, or to Franklin First at all, Cassuto and Franklin First are not liable to Selinger under theories of

quantum meruit or unjust enrichment (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Whitman Realty Group, Inc. v Galano*, 41 AD3d 590, 591-592 [2007]; *Tesser v Allboro Equip. Co.*, 302 AD2d 589, 591 [2003]). The cause of action alleging conversion should have been dismissed because Selinger did not allege "legal ownership or an immediate right of possession to specifically identifiable funds and that the defendant[s] exercised an unauthorized dominion over such funds to the exclusion of the plaintiff's rights" (*Whitman Realty Group, Inc. v Galano*, 41 AD3d at 592). The mere right to payment cannot be the basis for a cause of action alleging conversion; the essence of such a cause of action is the "unauthorized dominion over the thing in question" (*Fiorenti v Central Emergency Physicians*, 305 AD2d 453, 454-455 [2003] [internal quotation marks omitted]).

Unlike the other causes of action, however, the seventh cause of action, alleging fraud, properly survived dismissal. The elements of a cause of action alleging fraud are "representation of a material existing fact, falsity, *scienter*, deception and injury" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995], quoting *Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 407 [1958]). A fraud claim does not lie where the only fraud alleged arises from the breach of a contract (*see Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d 1073, 1076-1077 [2007]; *Ross v DeLorenzo*, 28 AD3d 631, 636 [2006]). "A present intent to deceive must be alleged and a mere misrepresentation of an intention to perform under the contract is insufficient to allege fraud . . . Conversely, a misrepresentation of material fact, [that] is collateral to the contract and serves as an inducement for the contract, is sufficient to sustain a cause of action alleging fraud" (*WIT Holding Corp. v Klein*, 282 AD2d 527, 528 [2001] [citations omitted]).

Selinger adequately pleaded a cause of action alleging fraud. The defendants were not parties to the agreement between Selinger and PCF, so they cannot be held liable for a breach of that agreement. Thus, the fraud cause of action is not duplicative of the breach of contract causes of action. The complaint adequately alleges that, at the time Cassuto signed the agreement on behalf of PCF and utilized the services of Selinger, he was acting at the direction of Franklin First and that he and Franklin First misrepresented the underlying situation to avoid paying a brokerage fee to Selinger.

The defendants' remaining contentions are without merit. Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.