HYLAN ELECTRICAL CONTRACTING, INC., Respondent, v MASTEC NORTH AMERICA, INC., Appellant. [903 NYS2d 528]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated June 18, 2009, as granted those branches of the plaintiff's motion which were for leave to amend its complaint to add causes of action to recover damages for fraudulent inducement and breach of fiduciary duty, and a demand for punitive damages.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and those branches of the plaintiff's motion which were for leave to amend its complaint to add causes of action to recover damages for fraudulent inducement and breach of fiduciary duty, and a demand for punitive damages, are denied.

On September 10, 1999, nonparty Telergy Metro, LLC (hereinafter Telergy), engaged the defendant, MasTec North America, Inc. (hereinafter MasTec), an entity incorporated in the State of Florida, to construct a fiber optic telecommunications network in New York. On May 26, 2000, MasTec subcontracted with the plaintiff, Hylan Electrical Contracting, Inc. (hereinafter Hylan), to perform installation and termination services to complete the telecommunications infrastructure in the New York City metropolitan area. The subcontract, which was governed by Florida law, included a clause which made MasTec's obligation to pay Hylan contingent upon and subject to MasTec's

receipt of payment from Telergy for work performed. The parties also agreed that termination, suspension, or delay of the primary contract between Telergy and MasTec would result in automatic termination, suspension, or delay of the subcontract on the same basis and effective date. In the event of termination, suspension, or delay, Hylan would be allowed to recover from Telergy amounts payable to MasTec less any anticipated gross profit from the work. In August 2001 Telergy became insolvent and terminated its contract with MasTec, effectively terminating the subcontract. MasTec, and, in turn, Hylan, were not fully paid for their work.

In January 2002 Hylan commenced this action against Mastec to recover an unpaid balance of more than $1,350,000 under the subcontract, asserting causes of action to recover damages for breach of contract and on an account stated. Hylan then moved for leave to amend its complaint to add causes of action alleging fraudulent inducement and breach of fiduciary duty, and to recover in quantum meruit and for unjust enrichment, as well as a claim for punitive damages. The proposed amendment was based upon the additional allegations that, in discussions concerning the payment of amounts due under the subcontract, MasTec, responding to Hylan's concerns about Telergy's financial condition, represented that Telergy had the money to pay, although MasTec knew that Telergy was then in default of certain loans extended by MasTec, and thereby induced Hylan to continue working on the project to its detriment.

The Supreme Court granted that branch of the motion which was for leave to amend the complaint to add causes of action alleging fraudulent inducement and breach of fiduciary duty, and a demand for punitive damages, and otherwise denied the motion.

The Supreme Court improvidently exercised its discretion in granting those branches of the motion which were for leave to amend the complaint to add causes of action alleging fraudulent inducement and breach of fiduciary duty, and a claim for punitive damages, since the proposed amendments were patently devoid of merit on their face (*see Rudden v Bernstein*, 61 AD3d 736 [2009]; *Scofield v DeGroodt*, 54 AD3d 1017 [2008]). A cause of action to recover damages for fraud does not lie where, as here, the only fraud claimed relates to an alleged breach of contract (*see Rocchio v Biondi*, 40 AD3d 615, 617 [2007]; *Sokol v Addison*, 293 AD2d 600, 601 [2002]; *Mastropieri v Solmar Constr. Co.*, 159 AD2d 698, 700 [1990]). Further, the allegations that MasTec fraudulently represented that Hylan would be paid for its work on the project amounted to nothing more than al-

legations of a misrepresentation of an intention to perform under the subcontract (*see WIT Holding Corp. v Klein*, 282 AD2d 527, 528-529 [2001]).

Similarly, a cause of action alleging breach of fiduciary duty which, as here, is merely duplicative of a breach of contract claim, cannot stand (*see Celle v Barclays Bank P.L.C.*, 48 AD3d 301, 302 [2008]; *Brooks v Key Trust Co. N.A.*, 26 AD3d 628, 630 [2006]; *William Kaufman Org. v Graham & James*, 269 AD2d 171, 173 [2000]). Contrary to Hylan's contention, MasTec's duty to treat certain funds as trust assets for the benefit of Hylan and other subcontractors under Lien Law article 3-A did not render MasTec a fiduciary in any other respects (*see Wildman & Bernhardt Constr. v BPM Assoc.*, 273 AD2d 38 [2000]).

Finally, the proposed amended complaint neither alleges conduct of such an egregious nature directed at Hylan, nor a pattern of such conduct directed at the public in general, sufficient to sustain a demand for punitive damages (*see Johnson v Allstate Ins. Co.*, 33 AD3d 665, 666 [2006]; *Flores-King v Encompass Ins. Co.*, 29 AD3d 627 [2006]; *Logan v Empire Blue Cross & Blue Shield*, 275 AD2d 187, 194 [2000]). Skelos, J.P., Santucci, Dickerson and Leventhal, JJ., concur.