■ JASON L. GORMAN et al., Respondents, v WILLIAM FOWKES, Also Known as BILL FOWKES, et al., Appellants. [949 NYS2d 96]—

A cause of action to recover damages for fraud will not lie where the only fraud claimed arises from the breach of a contract (*see Selinger Enters., Inc. v Cassuto*, 50 AD3d 766, 768 [2008]; *Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d 1073, 1076-1077 [2007]). A mere misrepresentation of an intent to perform under the contract is insufficient to sustain a cause of action to recover damages for fraud (*see Selinger Enters., Inc. v Cassuto*, 50 AD3d at 768; *WIT Holding Corp. v Klein*, 282 AD2d 527, 528 [2001]). " 'Conversely, a misrepresentation of material fact, [that] is collateral to the contract and serves as an inducement for the contract, is sufficient to sustain a cause of action alleging fraud' " (*Selinger Enters., Inc. v Cassuto*, 50 AD3d at 768, quoting *WIT Holding Corp. v Klein*, 282 AD2d at 528). Here, in support of their motion, the defendants submitted the parties' contract, which conclusively established that the alleged fraudulent misrepresentations at issue were not collateral or extraneous to the contract. Rather, the alleged misrepresentations amounted only to a misrepresentation of the intent or ability to perform under the contract. The plaintiffs' cause of action alleging fraud was wholly duplicative of the breach of contract claim (*see Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d at 1077). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the third cause of action alleging fraud.

The Supreme Court also should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the fourth cause of action to recover an attorney's fee. The general rule is that "[a]n attorney's fee is merely an incident of litigation and is not recoverable absent a specific contractual provision or statutory authority" (*Levine v Infidelity, Inc.*, 2 AD3d 691, 692 [2003]; *see Blair v O'Donnell*, 85 AD3d 954, 956 [2011]), although there are exceptions to this general rule (*see Matter of John T.*, 42 AD3d 459, 463 [2007]; *Harradine v Board of Supervisors of Orleans County*, 73 AD2d 118, 122 [1980]). Here, the contract did not provide for an award of an attorney's fee, and the plaintiffs did not rely on any statutory provision in seeking such an award. The plaintiffs failed to demonstrate the existence of "any lawful basis upon which such fees would be recoverable" (*Dune Deck Owners Corp. v Liggett*, 85 AD3d 1093, 1096 [2011]), and, accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the fourth cause of action, to recover attorney's fees.

Contrary to the defendants' contentions, the complaint suf-

ficiently stated a cause of action pursuant to Lien Law article 3-A (*see generally Ippolito v TJC Dev., LLC*, 83 AD3d 57 [2011]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action pursuant to Lien Law article 3-A.

In light of our determination, we need not reach the defendants' remaining contentions. Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur.