# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1308**
**CA 16-00508**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

JOSEPH P. GALLAGHER, JR. AND KELLYANN E.
GALLAGHER, PLAINTIFFS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

DOMINIC RUZZINE, JR., ANDREA RUZZINE,
TIMOTHY R. MALCHOW, LORA L. MALCHOW,
ROBITAILLE RELOCATION CENTER, INC., SARAH
ROBITAILLE, REALTY USA.COM AND GERALDINE
BROSKY, DEFENDANTS-RESPONDENTS.

---

JAMES I. MYERS, PLLC, WILLIAMSVILLE (JAMES I. MYERS OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

FLYNN WIRKUS YOUNG, P.C., BUFFALO (SCOTT R. ORNDOFF OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS DOMINIC RUZZINE, JR. AND ANDREA RUZZINE.

PHILLIPS LYTLE LLP, BUFFALO (JENNIFER A. BECKAGE OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS TIMOTHY R. MALCHOW AND LORA L. MALCHOW.

BARCLAY DAMON, LLP, BUFFALO (JAMES P. MILBRAND OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS ROBITAILLE RELOCATION CENTER, INC. AND SARAH
ROBITAILLE.

AMIGONE, SANCHEZ & MATTREY, LLP, BUFFALO (RICHARD A. CLACK OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS REALTY USA.COM AND GERALDINE
BROSKY.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 6, 2016. The order, among other things, granted the motions of defendants for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In 1999, defendants Timothy R. Malchow and Lora L. Malchow purchased a home in Amherst. In or around June 2005, the Malchows hired Siracuse Engineers, LLP, who inspected the foundation of the residence. The inspection report was prepared by Peter Grace, P.E. (hereafter, Grace report), and Grace stated therein that he "did not observe any evidence of current or past history of vertical movement of the soils at the level of the basement foundations," and that he would be "very surprised if after many years of stable

conditions, differential settlements would be encountered in the future."  The Malchows sold the residence to defendants Dominic Ruzzine, Jr. and Andrea Ruzzine in December 2005.  The Malchows provided the Ruzzines with the Grace report and the property condition disclosure statement, which both the Malchows and the Ruzzines had signed.  The property condition disclosure statement recited, inter alia, that:  (1) there were some basement water seepage issues; (2) there were some drainage problems on the property, i.e., "slight accumulation after heavy rain in back of lot"; and (3) "basement cracks [were] repaired."

During their time at the subject residence, the Ruzzines discovered a crack in the basement wall and had it repaired on November 6, 2009.  When they decided to sell the residence, the Ruzzines retained defendants Robitaille Relocation Center, Inc., and Sarah Robitaille (Robitaille defendants) to act as their realtor.

Plaintiffs purchased the property from the Ruzzines in January 2010, with defendants Realty USA.com and Geraldine Brosky (collectively, Realty USA) acting as plaintiffs' realtor.  Prior to the transaction, the Ruzzines did not disclose the Grace report to plaintiffs, but plaintiffs and the Ruzzines executed a property condition disclosure statement reciting that there were no problems with water seepage into the basement and that there were no known material defects on the subject property.  In addition, plaintiffs hired a home inspector, who concluded that there were no concerns with the property.

Plaintiffs did not notice any "signs of damage" until February or March 2010, about a month after moving in.  Cracks appeared repeatedly in the walls on the first and second floors, there was evidence of past repairs, and water began leaking into the basement.  In August 2010, the house "popped," waking plaintiffs during the night.  The cracks in the basement walls "separated and shifted," extending into the interior of the walls, and plaintiffs had trouble getting any doors and windows to close.  A toilet fell off its flange and flooded the bathroom; the garage door cable broke; a fireplace pulled away from a wall; and the front porch pulled away from the house.

Plaintiffs thereafter commenced this action seeking damages for fraud, breach of contract, gross negligence, and breach of fiduciary and statutory duties.  The Malchows, the Ruzzines, the Robitaille defendants, and Realty USA made separate motions for summary judgment dismissing the complaint insofar as asserted against them, and Supreme Court granted the motions.  We affirm.

We conclude that the court properly granted the motion of the Malchows with respect to the cause of action for fraud asserted against them.  "[I]t is well settled that, [t]o establish a cause of action for fraud, plaintiff[s] must demonstrate that defendant[s] knowingly misrepresented a material fact upon which plaintiff[s] justifiably relied and which caused plaintiff[s] to sustain damages" (*Sample v Yokel*, 94 AD3d 1413, 1415 [internal quotation marks omitted]).  The Malchows established as a matter of law that, as the

prior seller, they did not have a relationship with plaintiffs, did not make any statements or representations to plaintiffs and therefore did not and could not induce any reliance on the part of plaintiffs. Plaintiffs failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Furthermore, we conclude, contrary to plaintiffs' contention, that the Malchows established as a matter of law that they did not aid and assist the Ruzzines in perpetrating a fraud upon plaintiffs. "The elements of a cause of action alleging aiding and abetting fraud are an underlying fraud, [the] defendants' knowledge of this fraud, and [the] defendants' substantial assistance in the achievement of the fraud" (*Ginsburg Dev. Cos., LLC v Carbone*, 134 AD3d 890, 894 [internal quotation marks omitted]). Here, there is no record evidence that the Malchows had "actual knowledge" of any purported fraud between the Ruzzines and plaintiffs, and there is no evidence that the Malchows provided any substantial assistance in the achievement of any fraud (*Decana Inc. v Contogouris*, 55 AD3d 325, 326, *lv dismissed* 11 NY3d 920).

We further conclude that the court properly granted the motion of the Ruzzines with respect to the causes of action asserted against them for fraud and breach of contract. "Although New York traditionally adheres to the doctrine of caveat emptor in an arm's length real property transfer . . . , Real Property Law article 14 codifies a seller's disclosure obligations for certain residential real property transfers, including the transaction between the parties in this case . . . The mechanism for disclosure is the [property condition disclosure statement], the particulars of which are mandated by statute . . . Disclosure is based on the seller's actual knowledge of a defect or condition affecting the property at the time the seller signs the disclosure . . . While false representation in a disclosure statement may constitute active concealment in the context of fraudulent nondisclosure . . . , to maintain such a cause of action, the buyer must show, in effect, that the seller thwarted the buyer's efforts to fulfill the buyer's responsibilities fixed by the doctrine of caveat emptor" (*Klafehn v Morrison*, 75 AD3d 808, 810 [internal quotation marks omitted]). Furthermore, "[t]he mere fact that [a] defendant undertook previous repair work on the house is not tantamount to concealment of a defective condition" (*Hecker v Paschke*, 133 AD3d 713, 717). Here, while there was evidence that the Ruzzines were aware that there was dampness in the basement, there was also evidence that they repaired the crack in the basement foundation that was causing the dampness, thereby establishing their entitlement to judgment on the fraud cause of action as a matter of law (*see Klafehn*, 75 AD3d at 810). In addition, although the Ruzzines' property condition disclosure statement was silent with respect to any water seepage or water dampness in the basement, plaintiffs' home inspection report put them on notice of that issue, and plaintiffs therefore cannot assert that they justifiably relied on the fact that the Ruzzines' property condition disclosure statement failed to mention it (*see Pettis v Haag*, 84 AD3d 1553, 1554-1555; *Daly v Kochanowicz*, 67 AD3d 78, 91).

Similar to plaintiffs' cause of action asserting fraud against the Ruzzines, plaintiffs' cause of action for breach of contract

against the Ruzzines is based upon the property condition disclosure statement, and we therefore conclude that, for the same reasons discussed above, the Ruzzines satisfied their initial burden of proof on their motion, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562).

We reject plaintiffs' contention that the court erred in granting the motion of the Robitaille defendants and dismissing the claims asserted against those defendants based on plaintiffs' allegations of fraud, the violation of Real Property Law § 443, and gross negligence. Even assuming, arguendo, that plaintiffs pleaded their fraud claim with sufficient particularity (*see* CPLR 3016 [b]), we conclude that the claims based on fraud and section 443 were properly dismissed. Section 443 (4) (a) provides that "[a] seller's agent does not represent the interests of the buyer," and section 443 (6) provides that section 443 as a whole does not "limit or alter the application of the common law of agency with respect to residential real estate transactions." As previously noted, "[u]nder the common law, New York adheres to the doctrine of caveat emptor and imposes no liability on the seller or the seller's agent to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller or the seller's agent which constitutes active concealment" (*Ader v Guzman*, 135 AD3d 668, 670). Again, we conclude that neither the Ruzzines nor their agent, the Robitaille defendants, engaged in such misconduct (*see Daly*, 67 AD3d at 97-98).

As for plaintiffs' gross negligence claim against the Robitaille defendants, it is well established that, "[t]o constitute gross negligence, a party's conduct must smack of intentional wrongdoing or evince[] a reckless indifference to the rights of others . . . Stated differently, a party is grossly negligent when it fails to exercise even slight care . . . or slight diligence" (*Ryan v IM Kapco, Inc*., 88 AD3d 682, 683 [internal quotation marks omitted]). Here, plaintiffs' complaint does not allege any intentional and/or reckless acts on the part of the Robitaille defendants. In any event, the Robitaille defendants satisfied their initial burden by establishing that they did not actively conceal any defect or have actual knowledge of any defect, and therefore that their conduct did not rise to the level of intentional wrongdoing or reckless indifference to the rights of plaintiffs, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562).

Finally, we conclude that the court properly dismissed the cause of action for breach of fiduciary duty asserted against Realty USA based on Real Property Law § 443. We agree with Realty USA that it had a duty not to conceal or misrepresent known facts, but that it had no duty to investigate unknown facts (*see generally Marcy v Roser*, 269 AD2d 855, 855; *Sirles v Harvey*, 256 AD2d 1227, 1228; *Rudolph v Turecek*, 240 AD2d 935, 938, *lv denied* 90 NY2d 811). Realty USA met its initial burden by establishing that it had no actual knowledge of the alleged defects in the property, and plaintiffs failed to raise a

triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562).

Entered:  February 3, 2017                   Frances E. Cafarell
                                             Clerk of the Court