Morrow v MetLife Invs. Ins. Co. (2019 NY Slip Op 08035)





Morrow v MetLife Invs. Ins. Co.


2019 NY Slip Op 08035


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, AND WINSLOW, JJ.


945.1 CA 19-01589

[*1]CRYSTAL MORROW, PLAINTIFF-RESPONDENT,
v
METLIFE INVESTORS INSURANCE COMPANY, ET AL., DEFENDANTS, AND JUAN "JIN" ZHOU, FINANCIAL SERVICES REPRESENTATIVE AND INVESTMENT ADVISOR, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






WOOD SMITH HENNING & BERMAN LLP, NEW YORK CITY (CHRISTOPHER J. SEUSING OF COUNSEL), FOR DEFENDANT-APPELLANT.
LOUIS ROSADO, BUFFALO, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered January 22, 2019. The order, insofar as appealed from, denied those parts of the motion of defendants MetLife Investors Insurance Company and Juan "Jin" Zhou to dismiss the first, second, sixth, eighth, and ninth causes of action against defendant Juan "Jin" Zhou, Financial Services Representative and Investment Advisor. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and those parts of the motion seeking to dismiss the first, second, sixth, eighth, and ninth causes of action against defendant Juan "Jin" Zhou, Financial Services Representative and Investment Advisor, are granted.
Memorandum: In appeal No. 1, Juan "Jin" Zhou, Financial Services Representative and Investment Advisor (defendant), appeals from an order that, inter alia, denied in part the motion of defendant and MetLife Investors Insurance Company (collectively, defendants) seeking to dismiss the complaint against them on statute of limitations grounds. Following entry of that order, plaintiff filed an amended complaint. In appeal No. 2, defendant appeals from a separate order that, inter alia, denied those parts of the motion of defendants seeking to dismiss the first, second, sixth, eighth, and ninth causes of action in the amended complaint against him.
We dismiss the appeal from the order in appeal No. 1 as moot inasmuch as the amended complaint superseded the original complaint and became the only complaint in this case (see Aikens Constr. of Rome v Simons, 284 AD2d 946, 947 [4th Dept 2001]; see generally St. Lawrence Explosives Corp. v Law Bros. Contr. Corp., 170 AD2d 957, 957 [4th Dept 1991]).
With respect to appeal No. 2, we agree with defendant that Supreme Court erred in denying the motion with respect to the first, second, sixth, eighth, and ninth causes of action against defendant. We thus reverse the order insofar as appealed from.
Although defendant contends that the first and second causes of action are barred by the statute of limitations, that contention is not properly before us inasmuch as defendant did not raise it in the motion (see Lots 4 Less Stores, Inc. v Integrated Props., Inc., 152 AD3d 1181, 1182 [4th Dept 2017]). We agree with defendant, however, that the court erred in denying that part of the motion seeking to dismiss the first, second, and ninth causes of action, for negligence and gross negligence, against him because each of those causes of action depends on allegations of intentional conduct that cannot form the basis of a claim founded on negligence (see Dunn v [*2]Brown, 261 AD2d 432, 432-433 [2d Dept 1999]; Mihalakis v Cabrini Med. Ctr. [CMC], 151 AD2d 345, 347 [1st Dept 1989], lv dismissed in part and denied in part 75 NY2d 790 [1990]; see generally New York State Workers' Compensation Bd. v SGRisk, LLC, 116 AD3d 1148, 1151 [3d Dept 2014]).
We likewise agree with defendant that the court erred in denying that part of the motion seeking to dismiss the sixth cause of action, for conversion, against him. "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]). Plaintiff failed to state a cause of action for conversion inasmuch as the conduct alleged to have been committed by defendant did not show that defendant assumed or exercised control over personal property belonging to plaintiff (see Ehrenkranz v 58 MHR, LLC, 127 AD3d 918, 919 [2d Dept 2015]).
We also agree with defendant that the court erred in denying that part of the motion seeking to dismiss the eighth cause of action, for fraud, against him. "The elements of a cause of action for fraud require a material misrepresentation of fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; see Ross v Louise Wise Servs., Inc., 8 NY3d 478, 488 [2007]; Gallagher v Ruzzine, 147 AD3d 1456, 1457 [4th Dept 2017], lv denied 29 NY3d 919 [2017]). The amended complaint failed to allege a misrepresentation made by defendant, an intent on defendant's part to induce plaintiff's reliance, or reliance by plaintiff on such a misrepresentation (see Flandera v AFA Am., Inc., 78 AD3d 1639, 1641 [4th Dept 2010]; Citipostal, Inc. v Unistar Leasing, 283 AD2d 916, 918-919 [4th Dept 2001]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court