Trayvilla v Japan Airlines (2019 NY Slip Op 08726)





Trayvilla v Japan Airlines


2019 NY Slip Op 08726


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-00971
 (Index No. 4330/16)

[*1]Macarieto I. Trayvilla, etc., et al., appellants,
v
Japan Airlines, etc., et al., respondents.


Macarieto I. Trayvilla, Celestina Pinero-Trayvilla, Rey Louis P. Trayvilla, and Sherry Lyn Dorado-Trayvilla, Woodside, NY, appellants pro se.
Clyde & Co US LLP, New York, NY (Andrew J. Harakas and Daniel E. Correll of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for negligent infliction of emotional distress, the plaintiffs appeal from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered December 14, 2016. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
This action was commenced after the plaintiffs Macarieto I. Trayvilla and Celestina Pinero-Trayvilla were refused carriage on a Japan Airlines flight from New York to the Philippines, based on the expiration of their Philippine passports, and allegedly were treated rudely and threatened with arrest by an employee of the defendant Japan Airlines. The complaint asserted causes of action to recover damages for negligent infliction of emotional distress, assault, negligence, breach of contract, and intentional infliction of emotional distress. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted the defendants' motion, and the plaintiffs appeal.
We agree with the Supreme Court's determination directing the dismissal of the causes of action to recover damages for negligent infliction of emotional distress, assault, negligence, and intentional infliction of emotional distress as barred by the applicable statute of limitations (see CPLR 3211[a][5]). Those causes of action were all barred by the one-year statute of limitations applicable to intentional torts (see CPLR 215[3]). In that regard, the causes of action that were denominated as claims to recover damages for negligent infliction of emotional distress and negligence were premised only on allegations of intentional conduct, which cannot form the basis of a cause of action sounding in negligence and, thus, are governed by the one-year limitations period of CPLR 215(3) (see McDonald v Riccuiti, 126 AD3d 954; Dunn v Brown, 261 AD2d 432, 433).
In addition, we agree with the Supreme Court's determination directing the dismissal of the cause of action to recover damages for breach of contract for failure to state a cause of action (see CPLR 3211[a][7]).
DILLON, J.P., LEVENTHAL, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court