East Coast Intl. Tire Group, Inc. v New York Tire Factory, Inc. (2020 NY Slip Op 03769)





East Coast Intl. Tire Group, Inc. v New York Tire Factory, Inc.


2020 NY Slip Op 03769


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-14401
 (Index No. 706203/14)

[*1]East Coast International Tire Group, Inc., etc., appellant,
v
New York Tire Factory, Inc., et al., respondents.


Yimin Chen, New York, NY, for appellant.
Olshan Frome Wolosky LLP, New York, NY (Nicholas S. Hirst of counsel), for respondent Richard A. Entel.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated October 17, 2018. The order, insofar as appealed from, granted that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(7) and CPLR 3016(b) to dismiss the third cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against New York Tire Factory, Inc. (hereinafter Tire Factory), and its president, Richard A. Entel, alleging that Tire Factory had purchased a substantial number of tires from the plaintiff between September 2013 and January 2014, and failed to pay the agreed-upon price. The first cause of action alleged breach of contract by Tire Factory and the third cause of action alleged fraud by Entel. More specifically, the third cause of action alleged that, at the time of purchase, Entel represented to the plaintiff that Tire Factory had sufficient funds to pay for the tires, and that he later issued checks on behalf of Tire Factory for which he subsequently stopped payment.
After an apparent bankruptcy stay, the plaintiff moved to restore the action to the court's calendar. The defendants cross-moved, inter alia, pursuant to CPLR 3211(a)(7) and CPLR 3016(b) to dismiss the third cause of action. In the order appealed from, the Supreme Court, among other things, granted that branch of the defendants' cross motion which was to dismiss the third cause of action. The plaintiff appeals from so much of the order as granted that branch of the defendants' cross motion.
"A cause of action to recover damages for fraud will not lie where the only fraud claimed arises from the breach of a contract" (Gorman v Fowkes, 97 AD3d 726, 727; see Selinger Enters., Inc. v Cassuto, 50 AD3d 766, 768; Tiffany at Westbury Condominium v Marelli Dev. Corp., 40 AD3d 1073, 1076). "A present intent to deceive must be alleged and a mere misrepresentation of an intention to perform under the contract is insufficient to allege fraud. Conversely, a misrepresentation of material fact, which is collateral to the contract and serves as an inducement for the contract, is sufficient to sustain a cause of action alleging fraud" (WIT Holding Corp. v Klein, 282 AD2d 527, 528 [citation omitted]; see Gorman v Fowkes, 97 AD3d at 727). Here, the third [*2]cause of action did not allege any misrepresentation of present fact which induced the plaintiff to enter into the contract (cf. Greenberg v Meyreles, 155 AD3d 1001, 1003), but only a misrepresentation of a future intent or ability to perform under the contract (see Renaissance Equity Holdings, LLC v Al-An El. Maintenance Corp., 121 AD3d 661, 664; Fromowitz v W. Park Assoc., Inc., 106 AD3d 950, 952; Gorman v Fowkes, 97 AD3d at 727; Yenrab, Inc. v 794 Linden Realty, LLC, 68 AD3d 755, 758).
Further, CPLR 3016(b) requires that the circumstances underlying a cause of action based in fraud be "stated in detail" (CPLR 3016[b]). "The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). The complaint does not allege sufficient facts to establish that Entel knowingly misrepresented material facts which induced the plaintiff to sell merchandise to Tire Factory (see Lee Dodge, Inc. v Sovereign Bank, N.A., 148 AD3d 1007, 1008; Nanomedicon, LLC v Research Found. of State Univ. of N.Y., 112 AD3d 594, 598; F. Nathanson & Co. v Marinello, 192 AD2d 575, 576).
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' cross motion which was pursuant to CPLR 3211(a) and CPLR 3016(b) to dismiss the third cause of action.
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court