Matter of Roach (2021 NY Slip Op 00434)





Matter of Roach


2021 NY Slip Op 00434


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-14774

[*1]In the Matter of George R. Roach, etc., deceased. George L. Roach, petitioner-respondent; Kathleen Roach, objectant-appellant. (File No. 3323/12)


Akiva Shapiro Law, PLLC, Old Bethpage, NY, for objectant-appellant.
Novick & Associates, Huntington, NY (Donald Novick and Albert V. Messina, Jr., of counsel), for petitioner-respondent.



DECISION & ORDER
In a contested probate proceeding, the objectant appeals from an order of the Surrogate's Court, Suffolk County (John M. Czygier, S.), dated May 23, 2018. The order granted the petitioner's motion to enforce a stipulation and denied the objectant's cross motion to set aside that stipulation.
ORDERED that the order is affirmed, with costs.
The petitioner commenced this proceeding in January 2013, seeking to probate the last will and testament of the decedent, George R. Roach. The objectant filed objections to the appointment of the petitioner as the executor of the decedent's estate, alleging that the petitioner was unfit to serve as executor because, inter alia, he failed to execute a deed transferring the decedent's home to the objectant. The objectant further alleged that the petitioner had caused the deed to be notarized without a signature, and failed to sign the deed on the decedent's behalf using his durable power of attorney.
On July 30, 2014, the petitioner and the objectant entered into a stipulation in open court, wherein, inter alia, the objectant agreed to withdraw her objections and settle her claims in this proceeding and all related claims and theories. In January 2018, the petitioner moved to enforce the stipulation, and the objectant cross-moved to set aside the stipulation, contending that the petitioner induced her into entering into the stipulation by falsely representing that the deed was never signed. The Surrogate's Court granted the petitioner's motion and denied the objectant's cross motion. The objectant appeals.
"'Stipulations of settlement are favored by the courts and not lightly cast aside'" (McSherry v McSherry, 163 AD3d 650, 651, quoting Hallock v State of New York, 64 NY2d 224, 230). "'This is all the more so in the case of open court stipulations . . . where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process'" (McSherry v McSherry, 163 AD3d at 651, quoting Hallock v State of New York, 64 NY2d at 230). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the [*2]consequences of a stipulation made during litigation" (Hallock v State of New York, 64 NY2d at 230). "'The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages'" (East Coast Intl. Tire Group, Inc. v New York Tire Factory, Inc., 185 AD3d 662, 663, quoting Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). Contrary to the objectant's contentions, there is no evidence in the record that the deed was ever signed, as the petitioner attested on multiple occasions that although the deed was notarized, it was never signed by the decedent or the petitioner on behalf of the decedent. The objectant thus failed to establish that the petitioner's statement that the deed was not signed was a material misrepresentation (see Mooney v Manhattan Occupational, Physical & Speech Therapies, PLLC, 166 AD3d 957, 960; Matter of Sheng v State of N.Y. Div. of Human Rights, 93 AD3d 851, 852). The Surrogate's Court therefore properly enforced the stipulation.
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court