Kulback's Inc. v Buffalo State Ventures, LLC (2021 NY Slip Op 04813)





Kulback's Inc. v Buffalo State Ventures, LLC


2021 NY Slip Op 04813


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, AND DEJOSEPH, JJ.


335 CA 19-02006

[*1]KULBACK'S INC., ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFF-APPELLANT,
v
BUFFALO STATE VENTURES, LLC, THOMAS MASASCHI, JASON TELLER, TRAVIS MCVICKERS, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (FRANK J. JACOBSON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BOND, SCHOENECK & KING, PLLC, ROCHESTER (JOSEPH S. NACCA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered September 26, 2019. The order granted the motion of defendants Buffalo State Ventures, LLC, Thomas Masaschi, Jason Teller, and Travis McVickers to dismiss the 6th through 10th causes of action. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the sixth and eighth causes of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff is in the construction business, and it entered into a contract with defendant Buffalo State Ventures, LLC (BSV) to perform work on a commercial construction project on property owned by BSV. Plaintiff commenced this action against, inter alia, BSV and its representatives, defendants Thomas Masaschi, Jason Teller, and Travis McVickers (collectively, individual defendants), seeking damages based on allegations that plaintiff completed all of the contract work, but was not paid for it. The 6th through 10th causes of action were asserted against only BSV and the individual defendants. BSV and the individual defendants moved to dismiss those causes of action pursuant to CPLR 3211 (a) (1), (5), and (7). Supreme Court granted the motion, and plaintiff appeals.
We agree with plaintiff that the court erred in granting that part of the motion seeking to dismiss the sixth cause of action for enforcement of a trust under Lien Law § 77. We therefore modify the order accordingly. "[W]hen determining a motion to dismiss, the court must 'accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 570-571 [2005]). "A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiff's] claim[s]" (Lots 4 Less Stores, Inc. v Integrated Props., Inc., 152 AD3d 1181, 1182 [4th Dept 2017] [internal quotation marks omitted]). "On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (Rakusin v Miano, 84 AD3d 1051, 1052 [2d Dept 2011]). A Lien Law § 77 cause of action has a one-year statute of limitations (§ 77 [2]), and it is well established that " '[t]he one-year period does not begin to run from the date of substantial completion, but from the date of completion of all work' " (Holt Constr. Corp. v Grand Palais, LLC, 108 AD3d 593, 596 [2d Dept 2013], lv [*2]denied 22 NY3d 853 [2013]; see Northern Structures v Union Bank, 57 AD2d 360, 368 [4th Dept 1977], amended 58 AD2d 1042 [4th Dept 1977]). Here, although BSV and the individual defendants met their initial burden on their motion by submitting documentary evidence that the work was completed in October 2017 and that plaintiff did not commence the action until February 13, 2019, plaintiff submitted documentary evidence raising a question of fact with respect to when all the work on the project was completed, i.e., whether plaintiff's work on the project continued through February 14, 2018 (cf. Losco Group v Yonkers Residential Ctr., 276 AD2d 532, 533 [2d Dept 2000]).
We also agree with plaintiff that the allegations in the complaint with respect to the sixth cause of action are sufficient to impose personal liability on the individual defendants (see CPLR 3211 [a] [7]). In the sixth cause of action, plaintiff alleged, inter alia, that BSV executed mortgages to secure funds to pay for the construction work, that those funds were " 'trust funds' " and BSV and the individual defendants were the " 'trustees' " as those terms are used in the Lien Law, that BSV and the individual defendants, as trustees, used the trust funds for purposes other than the payment of the claims of contractors, construction managers, subcontractors, laborers and materialmen, and that therefore "BSV and the Individual Defendants have unlawfully expended and diverted such trust funds in violation of the New York Lien Law." According plaintiff the benefit of every possible favorable inference, as we must, we conclude that the allegations are sufficient to impose personal liability on the individual defendants inasmuch as "[c]orporate officers . . . may be personally liable for trust funds . . . wrongfully diverted by their corporation, provided that they knowingly participated in the diversion by the corporation" (Edgewater Constr. Co. v 81 & 3 of Watertown [appeal No. 2], 1 AD3d 1054, 1057 [4th Dept 2003]).
Contrary to plaintiff's contention, the court properly granted the motion with respect to the seventh cause of action, for breach of fiduciary duty. Even accepting plaintiff's allegations under the seventh cause of action as true, we conclude that plaintiff's common-law breach of fiduciary duty cause of action is duplicative of the sixth cause of action (see generally Hylan Elec. Contr., Inc. v MasTec N. Am., Inc., 74 AD3d 1148, 1150 [2d Dept 2010]; Wildman & Bernhardt Const., Inc. v BPM Assoc., 273 AD2d 38, 39 [1st Dept 2000]).
We agree with plaintiff, however, that the court erred in granting that part of the motion seeking to dismiss the eighth cause of action, for money had and received, on the ground that the existence of a written contract precluded such a cause of action. We therefore further modify the order accordingly. "Although the existence of a valid and enforceable contract governing a particular subject matter generally precludes recovery in quasi contract . . . , where there is a bona fide dispute as to the existence of a contract or the application of a contract in the dispute in issue, a plaintiff may proceed upon a theory of quasi contract as well as breach of contract, and will not be required to elect his or her remedies" (Goldman v Simon Prop. Group., Inc., 58 AD3d 208, 220 [2d Dept 2008]).
Contrary to plaintiff's contention, the court did not err in granting those parts of the motion seeking to dismiss the 9th cause of action, for fraud, and the 10th cause of action, for aiding and abetting fraud. With respect to the cause of action for fraud, "[a] mere misrepresentation of an intent to perform under the contract is insufficient to sustain a cause of action to recover damages for fraud" (Gorman v Fowkes, 97 AD3d 726, 727 [2d Dept 2012]). Here, the alleged misrepresentations by BSV and the individual defendants "amounted only to a misrepresentation of the intent or ability to perform under the contract" (id.), and therefore the cause of action for fraud is duplicative of the first cause of action, for breach of contract (see East2West Constr. Co., LLC v First Republic Corp. of Am., 115 AD3d 1206, 1207 [4th Dept 2014]; Gorman, 97 AD3d at 727; Hylan Elec. Contr., Inc., 74 AD3d at 1149-1150; Jan Sparka Travel v Hamza, 182 AD2d 1067, 1067-1068 [4th Dept 1992]; cf. Pike Co., Inc. v Jersen Constr. Group, LLC, 147 AD3d 1553, 1555-1556 [4th Dept 2017]). Furthermore, plaintiff alleges the same amount of damages for the fraud and breach of contract causes of action, which further establishes that "[p]laintiff seeks to be placed in the same position that it would have been in had [BSV] performed (i.e., made payment) under the contract" (Triad Intl. Corp. v Cameron Indus., Inc., 122 AD3d 531, 532 [1st Dept 2014]; see Wells Fargo Bank, N.A. v Zahran, 100 AD3d 1549, 1550 [4th Dept 2012], lv denied 20 NY3d 861 [2013]). We likewise conclude that the court properly granted the motion with respect to the 10th cause of action inasmuch as a cause of action for aiding and abetting fraud requires " 'the existence of an underlying fraud' " (Stanfield [*3]Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co., 64 AD3d 472, 476 [1st Dept 2009], lv denied 13 NY3d 709 [2009]; see generally Gallagher v Ruzzine, 147 AD3d 1456, 1458 [4th Dept 2017], lv denied 29 NY3d 919 [2017]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court