Matter of Greenberg (2023 NY Slip Op 02125)

Matter of Greenberg

2023 NY Slip Op 02125

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-04214

[*1]In the Matter of Greenberg, deceased. Lois M. Rosenblatt, etc., respondent; Mark Greenberg, appellant; et al., objectants. (File No. 156/10)

Bousquet Holstein, PLLC, Syracuse, NY (Cecelia R.S. Cannon and Georgia G. Crinnin of counsel), for appellant.
Sweeney Reich & Bolz, LLP, Lake Success, NY (Gerard J. Sweeney of counsel), for respondent.

DECISION & ORDER
In a probate proceeding in which Lois M. Rosenblatt petitioned for judicial settlement of the final account of the estate of Laura Greenberg, the objectant Mark Greenberg appeals from a decree of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated April 8, 2020. The decree, upon an order of the same court dated May 30, 2019, granting the motion of Lois M. Rosenblatt to confirm a referee's report, judicially settled the final account.
ORDERED that the decree is affirmed, with costs.
The decedent, Laura Greenberg (hereinafter the decedent), died in October 2009, and was survived by her husband, Mark Greenberg (hereinafter the appellant), among others. At the time of her death, the decedent was involved in protracted litigation with her brother regarding the ownership and distribution of assets in the estate of their father, Harry Yaros, who had predeceased her by three years.
Lois M. Rosenblatt, the Public Administrator of Queens County (hereinafter the Public Administrator), was appointed to administer the decedent's estate. On behalf of the estate, the Public Administrator entered into a stipulation of settlement dated August 31, 2015, settling the outstanding disputes regarding Yaros's estate. Thereafter, in November 2016, the Public Administrator petitioned for judicial settlement of the final account of the estate and submitted an account to the Surrogate's Court. The appellant filed objections to the account, opposing the "distribution scheme" under the "purported" stipulation of settlement of Yaros's estate, which he alleged had damaged the decedent's estate.
Pursuant to SCPA 506(6)(a), the Surrogate's Court appointed a referee to hear and report on the matter. The referee issued a report dated September 23, 2013, which, inter alia, concluded that the Public Administrator acted within the scope of her authority in entering the stipulation of settlement, and that the stipulation of settlement was binding and enforceable. The Public Administrator then moved to confirm the referee's report. The appellant opposed, contending that the referee had failed to properly define the issues raised by his objection, and as a result had failed to consider his assertion that the Public Administrator breached her fiduciary duty by agreeing to the stipulation of settlement without knowledge of evidence supporting the estate's claims, and should be surcharged. In an order dated May 30, 2019, the Surrogate's Court granted the Public [*2]Administrator's motion, and in a decree dated April 8, 2020, the court judicially settled the final account. This appeal ensued.
"Stipulations of settlement are favored by the courts and not lightly cast aside" (Hallock v State of New York, 64 NY2d 224, 230; see Matter of Roach, 190 AD3d 978, 979). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (Hallock v State of New York, 64 NY2d at 230; see Matter of Rothman, 183 AD3d 553, 554; Matter of Davis, 133 AD3d 853, 854). "The recommendations and report of a referee will not be disturbed when they are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Saks v Saks, 199 AD3d 948, 949-950 [internal quotation marks omitted]; see Courtview Owners Corp. v Courtview Holding, B.V., 193 AD3d 1032; Matter of Cincotta, 139 AD3d 1058, 1059).
Here, the referee clearly defined the issues as raised by the objections filed by the appellant. The referee's conclusion that there was no basis to set aside the stipulation of settlement was amply supported by the record. Moreover, in response to the appellant's belated request for additional relief against the Public Administrator, the referee entertained supplemental submissions relevant to the appellant's claim that the Public Administrator had breached her duty to the estate. The referee properly concluded that the record did not support the allegation that the Public Administrator had ignored certain evidence prior to entering the settlement. Since the record substantially supported the referee's findings and determination, the Surrogate's Court properly granted the Public Administrator's motion to confirm the report (see Saks v Saks, 199 AD3d at 950; Matter of Cincotta, 139 AD3d at 1059).
The appellant's remaining contentions are without merit.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court