JSC Mgt. Group, LLC v West Gen. Contrs., LLC (2025 NY Slip Op 05351)

JSC Mgt. Group, LLC v West Gen. Contrs., LLC

2025 NY Slip Op 05351

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, OGDEN, AND HANNAH, JJ.

625 CA 24-00040

[*1]JSC MANAGEMENT GROUP, LLC, PLAINTIFF-APPELLANT,
v
WEST GENERAL CONTRACTORS, LLC, DEFENDANT-RESPONDENT. 

WOODS OVIATT GILMAN LLP, ROCHESTER (ROBERT J. MARKS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 

 Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered January 3, 2024. The order denied plaintiff's motion for partial summary judgment dismissing defendant's fifth, sixth, and tenth counterclaims. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the tenth counterclaim and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for, inter alia, allegedly unfinished and unsatisfactory work performed by defendant pursuant to a contract between the parties for the construction of a franchise restaurant in Connecticut (Connecticut contract). Defendant answered and, among other things, asserted multiple counterclaims stemming from an alleged separate agreement between plaintiff and defendant that contemplated the construction of numerous other franchise locations (alleged agreement). In its fifth through tenth counterclaims, defendant sought damages arising from plaintiff's purported breach of the alleged agreement. Plaintiff thereafter moved for partial summary judgment dismissing defendant's fifth, sixth, and tenth counterclaims, which sound in negligent misrepresentation, fraudulent inducement, and implied indemnity, respectively. Supreme Court denied plaintiff's motion in its entirety, and plaintiff appeals.
Contrary to plaintiff's contention, defendant's fifth and sixth counterclaims are not barred by collateral estoppel. "Collateral estoppel applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Lowes v Anas, 195 AD3d 1579, 1580 [4th Dept 2021] [internal quotation marks omitted]). As relevant here, although the court dismissed causes of action for negligent misrepresentation and fraudulent inducement asserted by defendant in a third-party action against two individuals associated with plaintiff, the court's basis for dismissing those causes of action was specific to the posture of that case and the nature of the claims asserted against the third-party defendants. Indeed, in rejecting plaintiff's collateral estoppel argument below, the court noted that the basis for its decision in the third-party action did not directly apply to the main action and defendant's counterclaims. Inasmuch as "[p]reclusion of an issue occurs only if that issue was actually litigated, squarely addressed and specifically decided in the prior action" (Wiltberger v Allen, 225 AD3d 1273, 1274 [4th Dept 2024] [internal quotation marks omitted]), we conclude that the court properly denied the part of plaintiff's motion seeking summary judgment dismissing defendant's fifth and sixth counterclaims on the basis of collateral estoppel.
We likewise reject plaintiff's contention that the court erred in determining that defendant may assert its fifth and sixth counterclaims in the alternative to a breach of contract counterclaim. A party may assert quasi-contract theories in the alternative "where there is a bona fide dispute as to the existence of a contract or the application of a contract in the dispute in issue" (Kulback's [*2]Inc. v Buffalo State Ventures, LLC, 197 AD3d 890, 892 [4th Dept 2021] [internal quotation marks omitted]; see JLO Dev. Corp. v Amalgamated Bank, 232 AD3d 705, 708 [2d Dept 2024]; Fisher v A.W. Miller Tech. Sales, 306 AD2d 829, 831-832 [4th Dept 2003]). Here, defendant asserted two counterclaims for breach of contract: the first counterclaim alleging a breach of the Connecticut contract, and the seventh counterclaim alleging a breach of the alleged agreement. Although the existence of the Connecticut contract is undisputed, the record reflects that there is a bona fide dispute as to the existence and terms of the alleged agreement. As pleaded by defendant, the fifth and sixth counterclaims properly allege quasi-contract theories in the alternative to a purported breach of the alleged agreement (see generally JLO Dev. Corp., 232 AD3d at 708).
We agree with plaintiff, however, that it met its initial burden on the motion with respect to defendant's tenth counterclaim, for implied indemnity, and that defendant failed to raise an issue of fact in opposition (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Cappelletti v Unigard Ins. Co., 222 AD2d 1029, 1031-1032 [4th Dept 1995]). We therefore modify the order accordingly.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court